Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff in error sued on a promissory note, made by 'defendant’s intestate, dated the 16th of May, 1842, and payable on the first of November of the same year. The defendant relied upon the statute of limitations of four years, and obtained a verdict.
By the act of 1822, actions on notes were limited to six years. This provision has not been changed. As the suit was brought on the first of June, 1848, six years had not elapsed from the maturity of the note. ' But by the act of the 24th of Feb. 1844, it is provided that no action at law or in equity shall be brought against an executor or administrator, after the expiration of four years from the qualification of such executor or administrator.
Administration was taken out in this instance, before the passage of the act of 1844, viz. on the 13th of Nov. 1843. More than four years had elapsed from the date of this statute until the institution of the suit, but the question is, At what time did the statute begin to run on this claim 1
*397 It has been repeatedly decided, under the statute for the limitation of actions, that the nine months’ exemption from suit in . favor of administrators, is to be excluded in the estimation of the bar. It is contended that the same rule must be applied under this statute, and that as administration was taken out on the I3th of Nov. 1843, the defendant was not liable to be sued until the 13th of Aug. 1844. This argument is met by the position, that, as the act of 1844 declares that suit shall be brought within four years after the qualification of the administrator, the statute begins to run from that time, and admits of no interruption. Express provision was made by the last section of the act of 1844, that it should not stop the running of any other act. The cause of action was therefore still subject to the limitation of six years, the operation of which was of course suspended, from the grants of administration on the 13th of Nov. 1843, until the 13th of Aug. 1844. During this state of suspension, the act of 1844 was passed, and it is evident from its terms, that it did not operate as to this claim, or if it did, it did not commence running until the 13th of August, when the nine months expired.
Administration was granted before the passage of the act, and it was certainly not the intention of the legislature to give it a retrospective effect. If so, many claims may have been barred the moment the statute was passed. The legislature may pass an act of limitations which shall apply to existing causes of action, but reasonable time should be allowed within which suits may be brought. But if the act is silent as to any such intention, it cannot be construed to apply to such cases, when such construction would cut off all remedy. If this statute commenced to run in this case from the grant of administration,- of course it did-so as to all other-administrations granted before its passage. Our conclusion is that the act was prospective; that it was only intended to declare that, as to administrators thereafter to be'appointed, the bar should commence from the qualification of the administrator. But suppose it began to run from its date, as it declares, then, like all other statutes of limitations, it took effect only in cases when a cause of action had accrued. There was no other criterion for its commencement, as it did *398 not begin to run from a previous grant of administration. When it was passed, there was no cause of action in this case; the nine months had not expired ; and neither the previous law, nor the exception, was repealed, and suit was brought within four years after the cause of action had accrued. Of course it was not barred. It is consequently immaterial whether this statute begins to run from the grant of administration, and runs on; or whether it admits of the saving of nine months.
Judgment reversed, and cause remanded.
Smith, J., having been of counsel, gave no opinion.