## BENJAMIN KING *vs.* ISAAC TIRRELL, Administrator.

The *St.* of 1852, *c.* 294, § 1, which provides that " whenever, by the provisions of the Rev. Sts. *c.* 66, the right of action of any creditor of the estate of a deceased person against the executor or administrator of such person is limited to the space of four years from the date of the bond of such executor or administrator, or from any other time therein mentioned, such right of action shall be hereafter limited to the space of two years from such time," does not apply to actions against executors and administrators who gave bond before it took effect.

ACTION OF CONTRACT, commenced on the 5th of October 1853, on a witnessed promissory note, made by the defendant's intestate on the 9th of May 1845, and payable on demand. Answer, the statute of limitations of 1852, *c.* 294, passed on the 20th of May 1852, and which took effect on the thirtieth day thereafter, by virtue of the general provision of the Rev. Sts. *c.* 2, § 5. The defendant was appointed administrator, and gave bond as such, on the 8th of October 1849; and within three months thereafter gave public notice of his appointment, as required by law; and continued to discharge the duties of said trust until after the commencement of this action. The case was submitted to the decision of the court upon these facts.

*N. C. Berry,* for the plaintiff.

*J. J. Clarke & L. Shaw, Jr.* for the defendant.

MERRICK, J. By the first section of *St.* 1852, *c.* 294, " whenever, by the provisions of the sixty-sixth chapter of the revised statutes, the right of action of any creditor of the estate of a deceased person against the executor or administrator of such person is limited to the space of four years from the date of the bond of such executor or administrator, or from any other time therein mentioned, such right of action shall be hereafter limited to the space of two years from such time." If this provision is to have a retroactive, as well as a future operation — that is to say, if it is to be availed of by those executors and administrators who had given bonds before the passage of the act, as well as by those who should thereafter give bonds — the defense interposed to this action is effectual and complete; otherwise, it cannot prevail.

The intention of the legislature, as to the parties to whom this provision of the statute is to apply, is not expressed in very clear or definite terms. And its language being in some degree ambiguous, it does not necessarily follow, even if it should be thought that, in its most literal sense, the statute would extend to all executors and administrators indiscriminately, without regard to the period of time when they may respectively have given their bonds, that that is the true construction to be put upon it; for it is an established rule, to be applied to the interpretation of every statute, that, when its words are not explicit, the intention of the legislature is to be sought for by a careful examination and consideration of all its parts, and that meaning assigned to it, which, while fully respecting the will of the lawgiver, will lead to no injustice, but will preserve the rights of all persons unimpaired. 1 Kent Com. (6th ed.) 461. *Whitney* v. *Whitney,* 14 Mass. 92, 93. Now if the construction of the statute under consideration, contended for by the defendant, be allowed, the rights of action of all creditors of deceased persons against those executors and administrators who had given bonds two years or more before it went into operation and took effect, were at once effectually extinguished, without any notice except the thirty days intervening between the time of its passage and the time of its taking effect.

It is said by the chief justice in the case of *Brigham* v. *Bigelow,* 12 Met. 273, that "if the legislature should declare that a period already elapsed should bar an action, this would be, under color of regulating, arbitrarily to take away all remedy, and in effect destroy the contract, within its jurisdiction; and would be a mere abuse of power, not to be anticipated from any legislature." And it might be doubtful whether such an exercise of power would not be a violation of the constitution of the United States, as impairing the obligation of contracts. Angell on Lim. (2d ed.) § 22. But it is unnecessary to look at the statute in this aspect, as there is another construction which may reasonably be put upon it, giving substantial force to all its provisions, and in no way affecting rights which existed when it took effect. When it is declared that the rights of action against executors

and administrators of persons deceased " shall be hereafter limited to two years " from the dates of their respective bonds, it may fairly be presumed, if indeed it be not the most direct and legitimate conclusion to be deduced from the expression itself, that the legislature had no intention to affect any thing that was past, but only to prescribe a new rule for that which should occur in the future. This obviates all objection to the statute, and is, we think, the sound construction to be put upon the language in which it is written.

In a very recent case in the supreme court of the United States, Mr. Justice Daniel, in delivering the opinion of the court, said : " As a general rule for the interpretation of statutes, it may be laid down, that they never should be allowed a retroactive operation, where this is not required by express command, or by necessary and unavoidable implication. Without such implication or command, they speak and operate upon the future only. Especially should this rule of interpretation prevail, where the effect and operation of a law are designed, apart from the intrinsic merits of the rights of parties, to restrict the assertion of those rights." *Murray* v. *Gibson*, 15 How. 423. Under this rule of interpretation it would seem to be very clear that the *St.* of 1852 must be prospective only in its operation. There is certainly no express command in it that it shall operate upon the past ; and its terms being in some degree ambiguous or of doubtful import, it cannot be said that an unavoidable implication to that effect arises from them. The limitation which it imposes upon creditors should therefore be confined to rights of action which accrue against executors and administrators who gave bond subsequent to the time when it became the law of the land. *Judgment for the plaintiff*