### ISRAEL HILDRETH *vs.* HERBERT MARSHALL.

The *St.* of 1852, *c.* 294, § 1, which shortened from four to two years the period of limitation of actions by creditors against the executor or administrator of their debtor, does not apply to actions against executors or administrators who gave bond before it took effect.

It is no bar to an action against an administrator, on a debt of his intestate, that he gave due notice of his appointment, and had no notice within a year thereafter of demands against the estate which would authorize him to represent it insolvent, and applied, in payment of the debts of the deceased, all the personal property, and a sufficient portion of the real estate, sold by license of the judge of probate, to pay the debts then ascertained, and that the heirs at the same time sold all the residue of the real estate, and the defendant rendered his final account, which was allowed by the judge of probate.

ACTION OF CONTRACT against the administrator of Simeon M. Marshall, upon a promissory note for $55.29, made by said Marshall to the plaintiff, dated September 11th 1850, and payable on demand. The case was submitted to the decision of the court upon the following facts :

" The said Simeon M. Marshall. died intestate in 1851 ; this defendant's bond, as administrator of his estate, was dated and filed October 14th 1851 ; and due notice was given of the defendant's appointment as administrator. The personal property of said intestate being insufficient to pay his debts, license was granted to the defendant by the judge of probate to sell sufficient of the real estate of said intestate to pay the amount of debts then ascertained, and so much was accordingly sold. And the heirs of the intestate at the same time sold all the residue

of the real estate of said intestate, amounting to a thousand dollars or more. After the expiration of two years from the date of the said bond, and before the passing of the *St.* of 1855, *c.* 283, the defendant, without notice or knowledge of the existence of said note, or that the plaintiff had any claim against the said estate, rendered his final account, as administrator of said estate ; and after notice given to all persons interested, according to the orders of the judge of probate, said account was allowed by the judge of probate. And the defendant has not since received or had in his hands any assets of said estate."

*B. F. Butler,* for the plaintiff.

*A. P. Bonney,* for the defendant. The defendant gave due notice of his appointment as administrator, and had not, within one year thereafter, notice of demands which would authorize him to represent the estate insolvent, and after the expiration of more than two years, without notice of the plaintiff's claim, paid away the whole of the estate and effects which had come to his hands, and settled his final account. He is therefore entitled to be discharged. Rev. Sts. *c.* 66, §§ 11, 12. The words "estate and effects," in this statute, mean only personal property, and do not include real estate, over which the administrator has no control except upon a contingency, and by license of the probate court. *Henshaw* v. *Blood,* 1 Mass. 45. The settlement and allowance of the defendant's final account, after the sale of real estate by him and the heirs, was equivalent to an order of distribution by the judge of probate, placing the whole estate out of the control of the administrator, and would sustain the plea of *plene administravit. Cushing* v. *Field,* 9 Met. 180.

THOMAS, J. Two questions are raised upon the agreed statement of facts ; the first, whether the claim in suit was barred by the statute of limitations ; the second, whether the facts stated sustain the plea of *plene administravit.*

1. When the defendant filed his bond, as administrator of the estate of Simeon M. Marshall, the provisions of the Rev. Sts. *c.* 66, § 3, were in force, by which suits against executors and administrators were limited to four years from the giving of the bond. The *St.* of 1852, *c.* 294, § 1, provided that where, by the

Hildreth *v.* Marshall.

provisions of the Rev. Sts. *c.* 66, the right of action is limited to four years from the date of the bond, such right of action shall be hereafter limited to the space of two years from such time.

This court, in *King* v. *Tirrell*, 2 Gray, 331, held that the statute of 1852 was not retroactive, and did not apply to actions against executors and administrators who had given bonds before the statute took effect.

The *St.* of 1855, *c.* 283, provides that the *St.* of 1852, *c.* 294, § 1, shall not apply or be construed to apply to any right of action which had accrued or existed against the deceased person, his executor or administrator, prior to the passage of said act.

This action is upon a promissory note given by the defendant's intestate on the 11th of September 1850, payable on demand. The cause of action on that day existed or accrued against the intestate. The defendant's bond was given before the *St.* of 1852 took effect. It is therefore within the rule of *King* v. *Tirrell*.

The action is also within the saving clause of the *St.* of 1855, *c.* 283. Whether upon this ground alone the action could be maintained, it is not necessary to decide; one good ground for a decision being sufficient.

2. The agreed statement of facts shows conclusively that the estate had not been fully administered, that there was yet real estate of the deceased to the value of a thousand dollars ; and such real estate, the personal being insufficient, was applicable to the payment of the debts of the deceased. Rev. Sts. *c.* 65, §§ 8, 9. Sections 11–14 of *c.* 66 apply to cases where the whole of the estate and effects have been exhausted in the payment of debts ; that is, obviously, when the whole estate by law applicable to that purpose has been exhausted.

The result must be                    *Judgment for the plaintiff.*