EBEN S. COE *vs.* COUNTY COMMISSIONERS.

*Repealing statute. Construction of.*

Public laws of 1874, chapter 171, purported to repeal R. S., c. 18, § 35, but was itself repealed by chapter 263 of the same session: *held*, that § 35 remained as if there has been no legislation with relation to it.

ON EXCEPTIONS.

Upon the petition of Edward Wiggin and others, the county commissioners located a road running from the plantation of Seven Islands to the west line of the State, in Aroostook county; from which location the appellants above named appealed, and the appeal was heard and tried at the February term, 1875, under the provisions of R. S., c. 18, § 35. The respondents at the hearing made a motion in writing to dismiss the appeal on the ground that said section was repealed; which motion was overruled by the presiding judge, and the respondents excepted.

The legislative action which was claimed to have repealed R. S., c. 18, § 35, and the positions taken in support of the exceptions appear by the opinion.

*J. C. Madigan* for plaintiff.

*Robinson & Hutchinson* and *J. P. Donworth* for the respondents.

Unless you concede to chapter 171 an existence for an instant, there was nothing for chapter 263 to operate upon, or repeal.

DANFORTH, J. This was an appeal from a decision of the county commissioners for Aroostook county, locating a way in an unincorporated place. The appeal is claimed under the provisions of R. S., c. 18, § 35, which section fully authorizes it if in force.

It is however claimed that it was not in force but repealed by Public Laws of 1874, chapter 171. This last act would have that effect but for the passage by the same legislature of chapter 263, which in terms repeals chapter 171.

But it is further claimed that as both these acts would take

effect at the same time, the first must have had an efficient existence, though but for an instant, and during that instant would as effectually repeal the thirty-fifth section as though its life had been longer, and this latter section would not be revived by chapter 263. It may be conceded that if section 35 was repealed for however short a time it would not be revived by simply annulling the repealing act. But it is difficult to see how an act destroyed at the very moment of its coming into existence can have any force whatever.

But in this case we have a more sure foundation upon which to rest our opinion. In construing a law the intention of the legislature as ascertained from the language used and the purpose of the act must prevail. Both the acts in question were passed by the same legislature; chapter 171 was the earliest in point of time; chapter 263 was subsequent in date, but passed before the first had taken effect. These facts appear in the laws themselves and are a part of them. The only possible inference to be drawn is that the legislature intended that the first act should have no force whatever; that it should never come into life for any purpose. It therefore leaves R. S., c. 18, § 35 in full force, and the ruling of the court was right.        *Exceptions overruled.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.