CHARLES HATHAWAY *et al.*

*v.*

THE MERCHANTS' LOAN AND TRUST COMPANY.

*Opinion filed December 20, 1905.*

1. EXECUTORS AND ADMINISTRATORS—*section 70 of Administration act is a limitation law.* Section 70 of the Administration act, fixing the time for filing claims against an estate, is not a statute conferring jurisdiction but is a limitation law, which will not be given retroactive effect in the absence of clear legislative intention, nor where it would be unreasonable and unjust to do so even if the legislature so intended.

2. SAME—*amendment of 1903, reducing time for filing claims, is not retroactive.* The amendment of 1903 to section 70 of the Administration act, (Laws of 1903, p. 3,) reducing the time for filing claims to one year, does not apply to claims against an estate upon which letters testamentary had been granted before the act took effect.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

On December 31, 1902, Charles A. Morrill died testate. On January 13, 1903, letters testamentary were issued by the probate court of Cook county to the Merchants' Loan and Trust Company, the defendant in error, being the executor named in the will. The March term, 1903, of the probate court of Cook county was selected as adjustment term for all claims against the estate. The claim of Charles Hathaway & Co., plaintiffs in error, in the sum of $38,789, was allowed on June 25, 1903. On May 15, 1903, an amendment to section 70 of chapter 3 of Hurd's Statutes was passed by the legislature, which went into effect on July 1, 1903, and required all claims against estates to be filed within one year from the date of the issue of letters testamentary, instead of within two years, as formerly required. On

May 2, 1904, the defendant in error filed its claim in the probate court against the estate of Morrill, based upon eight notes, and on July 25, 1904, the claim was allowed in the sum of $41,065.77 of the seventh class. Plaintiffs in error appealed from this judgment to the circuit court, and on August 26, 1904, upon a hearing before the court without a jury, the claim was allowed for the sum of $42,088.83. It was contended by the plaintiffs in error that the claim should not have been allowed because it was not filed in the probate court within one year from the granting of letters testamentary. This contention was presented to the circuit court by three propositions of law, all of which were refused. From the judgment of the circuit court an appeal was prosecuted to the Appellate Court for the First District, where the judgment was affirmed, and the case is brought to this court by writ of error.

MERRICK & RAMSAY, and MILLARD & HALE, for plaintiffs in error.

McCULLOCH & McCULLOCH, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The sole question is whether the claim of defendant in error is barred by the amendment of May 15, 1903, it not having been filed within one year from the date of the issue of letters testamentary, or whether the statute which existed prior to the amendment was in force as to such claims, entitling the claimant to two years from the date of the issue of letters in which to file its claim.

On April 11, 1903, the legislature amended section 7 of chapter 148, entitled "Wills," reducing the time from two years to one year within which a bill could be filed to contest a will. In the case of *Sharp* v. *Sharp,* 213 Ill. 332, we held that this amendment applied to all bills filed after the act took effect, notwithstanding the wills contested were pro-

bated before that time. It is insisted by plaintiffs in error that the two acts are *in pari materia* and will be construed alike, and that as we held that the amendment to the Statute of Wills applied to all bills filed after its enactment, we should also hold that the amendment to section 70 of chapter 3 applied to all claims filed after its enactment, and hence the claim of defendant in error should be held barred.

There is a material distinction between a statute conferring jurisdiction and fixing a time within which it may be exercised, and a statute of limitations. A court of equity has no power to entertain a bill to set aside a will independently of statutory enactment conferring such jurisdiction. When jurisdiction is thus conferred it can only be exercised in the manner and under the limitations prescribed by the statute. The time within which a bill may be filed, under the statute, by any person interested is not a limitation law, and the statute in force at the time of the filing of the bill is the statute conferring jurisdiction, and must govern. (*Spaulding* v. *White*, 173 Ill. 127; *Sharp* v. *Sharp, supra.*) We have held in many cases that section 70 of chapter 3 is not a statute conferring jurisdiction, but is a statute of limitations, governed by the laws and rules applicable to such statutes. *Baird* v. *Chapman*, 120 Ill. 537; *Roberts* v. *Flatt*, 142 id. 485; *Snydacker* v. *Swan Land Co.* 154 id. 220.

While it is undoubtedly within the power of the legislature to pass a statute of limitations or to change the period of limitation previously fixed and to make such statute or changes applicable to existing causes of action, yet such a statute is not to be readily construed as having a retroactive effect, but is generally deemed to apply merely to causes of action arising subsequent to its enactment, and the presumption is against any intent on the part of the legislature to make the statute retroactive. (19 Am. & Eng. Ency. of Law,—2d ed.—p. 174; *Robertson* v. *Wheeler*, 162 Ill. 566; *Spaulding* v. *White, supra.*) The statute will only be given a retroactive effect when it was clearly the intention of the

legislature that it should so operate. (*Fisher* v. *Green,* 142 Ill. 80.) And even where this intention clearly appears, it will not be given effect if to do so would render it unreasonable or unjust. If a reasonable time is given for bringing a suit or filing claims after the amendment takes effect, it may be valid and binding. *Ryhiner* v. *Frank,* 105 Ill. 326; 19 Am. & Eng. Ency. of Law,—2d ed.—168, 169; *Walker* v. *People,* 202 Ill. 34, quoting from Wood on Limitation of Actions, page 28, by mistake printed as Thompson on Limitation of Actions.

Prior to the death of Morrill the defendant in error had a right of action against him upon the eight notes held by it, but upon his death the right became fixed and vested. Subject to certain conditions the defendant in error acquired a right to share in his estate together with his heirs. One of these conditions was, that it should file its claim in the probate court within two years from the date of the issue of the letters testamentary, which were issued on January 13, 1903. Under the act then in force this claim might have been filed up until January 13, 1905. On July 1, 1903, by amendment, the time was cut down to one year, or until January 13, 1904. The claim was filed May 2, 1904. The presumption is that the legislature did not intend this law to be retroactive unless the contrary clearly appears. There is nothing in the amendment to indicate such an intention on the part of the legislature, therefore the presumption must prevail that it was not to be retroactive.

The plaintiffs in error contend that as there were about eight months after the act was approved and six months and thirteen days after it took effect within which the defendant in error could have filed its claim, this was a reasonable time, and that the new limitation should prevail. The act must be applied generally to all claims and to all estates. A single claim or a single estate cannot be pointed out in which the act applies, and then say it does not apply to any other claim or to any other estate. If an estate had

been pending for more than one year at the time the amendment went into effect, then all outstanding claims which had not been filed in the probate court would be entirely cut off, as far as the statute is concerned, without any opportunity to recover against the estate unless an equitable rule was applied. If an estate had been pending less than a year at the time the amendment went into effect, then the time within which claims might be filed would be cut down all the way from one day to one year. Applying the rule of uniformity to this amendment, we cannot say that a reasonable time was left creditors in which to file claims or that it was the intention of the legislature that the amendment should be retroactive.

The views above expressed are in conformity with the decisions of the courts of last resort in other jurisdictions holding that similar amendments are not retroactive. *King v. Tirrell,* 68 Mass. 331; *Hildreth v. Marshall,* 73 id. 167; *West Feliciana Railway Co. v. Stackett,* 21 Miss. 395.

Section 4 of chapter 131 (Hurd's Stat. 1903, p. 1800,) provides that no law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any right accruing or claim arising under the former law, or in any way whatever to affect any right accrued or claim arising before the new law took effect, etc. The right of defendant in error, as a creditor of Morrill, to exhibit its claim against his estate accrued when the letters testamentary were issued, and therefore was a right accruing under the law in effect at the time the letters were issued. Section 4 in express terms provides that no new law shall be construed to affect any right accruing or claim arising under the former law. Construing these two acts together, the amendment, if retroactive, would be in conflict with the provisions of section 4.

We find no reversible error, and the judgment of the Appellate Court will be affirmed.    *Judgment affirmed.*