(No. 2644.   April 3, 1923.)

GALLEGOS v. ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT

(1)   At common law, when an act is repealed which repealed a former act, such former act is thereby revived, and again becomes effective, without formal words to that effect.
                                                            P. 476

(2)   This rule does not apply where the new legislative enactment, by which the repealing statute is repealed, consists of a revision or a substitute for the original act.   In such cases it is manifest that the Legislature did not intend to revive the original act, but to legislate anew upon the subject.                                          P. 477

(3)   Under this rule, sections 1 and 9, c. 61, Laws 1882, the latter of which was repealed by section 7, c. 2, Laws 1887, which, in turn, was repealed by section 4, c. 75, Laws 1889, were revived, and again became effective.     P. 477

(4)   Under the terms of the statute so revived, suits for the recovery of damages for the death of a person which is

caused by the negligence of a railway company must be commenced within one year from and after the cause of action shall have accrued.                                    P. 478

(5) Statutes are presumed to act prospectively only and they will not be given retroactive or retrospective effect unless such an intention on the part of the Legislature is clearly apparent and cannot be otherwise satisfied.   P. 478

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Pablo Gallegos, surviving minor child of Pablo Gallegos, deceased, by his guardian ad litem, Felix Baca, against the Atchison, Topeka & Santa Fe Railway Company and another. From a judgment for the named defendant, plaintiff appeals. Affirmed.

H. B. Jamison, of Albuquerque, for appellant.

W. C. Reid, G. S. Downer, and E. C. Iden, all of Albuquerque, for appellee.

#### OPINION OF THE COURT

BRATTON, J.   This suit was instituted by Pablo Gallegos, a minor, acting by and through his next friend, Felix Baca, against the Atchison, Topeka & Santa Fe Railway Company, a corporation, and Walker D. Hines, as Director General of Railroads under the government supervision thereof.   The object of the suit is to recover damages in the sum of $5,000, under the terms of section 1820, Code 1915, for the wrongful death of his father, which he alleged to be due to the negligence of the appellee railway company.

The appellee railway company interposed a demurrer, which was overruled.   The said Walker D. Hines interposed a motion to dismiss the case in so far as he was concerned, which was sustained, and no complaint with regard to such action is urged. After issues of fact had been joined between the appellant and the appellee, a jury was impanelled to try the cause, and, after the attorney for appellant

had concluded his opening statement, which merely outlined the facts charged in the complaint, the appellee moved the court to direct the jury to return a verdict in its favor because the cause of action pleaded in the complaint and outlined in such opening statement had become and was barred by the statute of limitations. This motion was sustained, and a directed verdict thereon returned by the jury, upon which judgment was accordingly rendered.

The complaint was filed in the trial court on March 28, 1919, in which it was charged that the death of appellant's father, which was so wrongfully and negligently caused, occurred on October 1, 1914, which was more than four years prior to the filing of such complaint, and the sole question for our determination is whether or not the cause of action so pleaded was barred by the statute of limitations. A brief review of the legislation concerning the question involved may be necessary to an understanding of the real issue.

Chapter 61, Laws 1882, fixed the liability of railway companies, those operating stage-coaches and other public conveyances which, through negligence, unskillfulness, or criminal intent caused or occasioned the death of any person. The pertinent parts of such chapter are sections 1 and 9, which are as follows:

"Section 1. Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver, or any stage-coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from any injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stagecoach, or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stagecoach, or other public conveyance, at the time any injury is received, resulting from, or occassioned by any defect or insufficiency

above declared shall forfeit and pay for every person or passengers so dying, the sum of five thousand dollars, which may be sued and recovered; first, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant for his defense to show that the defect or insuficiency named in this section was not of a negligent defect or insufficiency."

"Section 9. Every action instituted by virtue of the provisions of this act must be brought within one year after the cause of action shall have accrued, or after this act shall go into effect.

The former sections, with some additions thereto, were carried forward into the Compiled Laws of 1884 as section 2308; and the latter without modification was incorporated in such Compiled Laws as section 2316 thereof. The latter was expressly repealed by section 7, c. 2, Laws 1887. This chapter is entitled "An act for the protection of live stock against railroads in the territory of New Mexico, and for other purposes," and it appears to have been approved on February 24, 1887. Section 7 thereof provides:

"Sections 2315 and 2316 of the Compiled Laws of New Mexico, 1884, are hereby repealed. This act shall take effect and be in full force from and after its passage.
"Aproved February 24, 1887."

At its next succeeding session after the passage of the act last referred to, the territorial Legislative Assembly enacted a law with regard to railway companies fencing their rights of way, their liability for death or injury inflicted upon live stock, and the procedure to be followed in the collection of damages arising from such death or injury. This is chapter 75, Laws of 1889. It has nothing to do, and does not purport to deal, with the liability of such railway companies for death or injury of persons caused by the negligence of such company, nor the time within which suits for damages on account thereof shall be begun. By section 4 of said chapter, the act

of 1887, which repealed section 9 of chapter 61, Laws 1882, supra, was expressly repealed. Said section is in the following language:

"An act entitled 'an act for the protection of livestock against railroads in the territory of New Mexico, and for other purposes,' approved February 24th, is hereby repealed."

[1] From the foregoing it is apparent that the question before us is whether or not the repeal of the act of 1887, which repealed the act of 1882, under the doctrine of implied revivor, revived the former law, thereby making it again in force and controlling with regard to the time within which suits for the recovery of damages for the death of a person wrongfully caused by railway companies shall be begun. This question must be determined by the common-law rule which is in force in this state, and has been the rule of practice and decision since the year 1876. Section 2, c. 2, Laws 1876 (section 1354, Code 1915); Beals v. Ares, 25 N. M. 459. 185 Pac. 780. At common law the familiar rule is that, when a statute is repealed which repealed a former statute, the first act is revived, and again becomes effective without any formal words on the part of the Legislature to that effect. This is always true in the absence of a contrary legislative intent expressly declared or necessarily to be implied from some legislative expression. Milligan et al. v. Cromwell, 3 N. M. 557, 9 Pac. 359; Lewis' Sutherland Statutory Construction, § 288, p. 561; 25 R. C. L. § 184, p. 932; James v. Dubois, 16 N. J. Law, 285; Wallace v. Bradshaw, 54 N. J. Law, 175, 23 Atl. 759; Brinkley v. Swicegood, 65 N. C. 626; Butner v. Boifeuillet, 100 Ga. 743; 28 S. E. 464; Lindsay et al. v. Lindsay et al., 47 Ind. 283; Hastings v. Aiken et al., 1 Gray (Mass.) 163; Coe v. County Commissioners, 64 Me. 31; Bank v. Spalding, 12 Barb. 302; State ex rel. Roosevelt v. Board of Trustees of Village of New Rochelle, 26 Hun, 488; Van Denburgh et al. v. Village of Greenbush, 66 N. Y. 1; Clark v. Board of Commissioners, 58 Ohio St. 107, 50 N. E. 356; U. S. v. Philbrick, 120 U. S. 52, 7 Sup. Ct. 413, 30 L. Ed. 559;

Manchester v. Wayne County Commissioners, 257 Pa. 442, 101 Atl. 736, Ann. Cas. 1918B, 278.

[**2, 3**] This rule does not apply where the new legislative enactment, by which the repealing statute is repealed, consists of a revision or a substitute for the original act, or where new legislation upon the subject of the original act is therein adopted, as this would be clearly contrary to an intention on the part of the Legislature to revive such original act. It would manifest an intention, not to revive, but to legislate anew upon the subject. But where a repealing statute is, in turn, repealed, without further or new legislation on the subject, this evidences an intent and desire on the part of the Legislature to revive and again place in force the original statute which had been previously repealed. The original statute now under consideration provided for the recovery of damages for different injuries, both to persons and property. The first section thereof, which deals specifically with the recovery of damages for personal injuries resulting in death, is not in any wise affected by the subsequent legislation, as it did not treat the subject, but is entirely silent with reference thereto. The act of 1887 provides for the recovery of damages for deaths or injury inflicted upon domestic animals: it further provides for the keeping of a book in which shall be registered a description of all animals killed or injured; that the bodies of all such animals so killed or injured shall belong to such company unless claimed by the owner thereof within 24 hours after such death or injury, in lieu of damages, and that such animals shall be skinned and their hides kept by such company for at least 30 days thereafter for the purpose of inspection. It further provides a penalty for any person making a false affidavit of ownership of any animal so killed or injured. The act of 1889 provides that railway companies shall fence their rights of way and place cattle guards at crossings, that the killing or injury of domestic animals at a place where such companies are required, by the act,

to so fence their rights of way shall be prima facie evidence of negligence on the part of the company, in the killing or injury of such animals, it provides a method of collecting damages for the same, and defines a good and sufficient fence. It appears from this summary of the provisions of the various acts that neither the act of 1887 nor of 1889 attempts to deal with, cover, or in any manner treat the subject of damages for wrongful death or injury of the person. So that the general common-law rule with respect to the repeal of a repealing act operating to revive the original law applies in this case.

[5] It is now provided by statute that, whenever an act is repealed which repealed a former act, such former act shall not thereby be revived, unless it shall be expressly so provided. Section 5426, Code 1915. This statute, however, was first enacted during 1912, and can have no effect upon the question involved in this case, as the legislation we are here considering was enacted and its status fixed long prior to the passage of such statute, and the general rule is that statutes are presumed to have only prospective effect. They are not given retroactive or retrospective effect, unless such intention on the part of the Legislature is clearly apparent which cannot be otherwise satisfied. The courts, in the absence of such apparent legislative intent, strongly presume statutes are to operate prospectively only. State v. Elder, 19 N. M. 393, 143 Pac. 482; 2 Lewis' Sutherland, Statutory Construction, § 335, p. 641; Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737; Hathaway et al. v. Merchants' Loan & Trust Co., 218 Ill. 580, 75 N. E. 1060. 4 Ann. Cas. 164; U. S. Fidelity & Guaranty Co. v. United States, 209 U. S. 306, 28 Sup. Ct. 537, 52 L. Ed. 804; Cummings v. Rosenberg, 12 Ariz. 327, 100 Pac. 810; Thomas v. Higgs, 68 W. Va. 152, 69 S. E. 654. Ann. Cas. 1912A, 1038; Horner v. County of Pierce, 111 Wash. 386, 191 Pac. 396, 14 A. L. R. 707.

[4] From what we have said, it is obvious that the original act of 1882, which requires suits of this char-

acter to be instituted within one year from and after the cause of action shall have accrued, was in force at the time appellant's father met his death, as well as at all material dates subsequent thereto; and, this cause of action not having been instituted until more than four years thereafter, the trial court correctly directed a verdict in favor of appellee, and the judgment will therefore be affirmed; and it is so ordered.

PARKER, C. J., and RYAN, District Judge, concur.