MILLER *et al. v.* WOODRUFF *et al.*

(*Jackson*, April Term, 1941.)

Opinion filed May 24, 1941.

CHARLES A. OGAN, of Dresden, for complainants.

ALLEN J. STRAWBRIDGE, of Dresden, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Upon allegations of no personal assets to pay debts, the bill herein was filed by the administrator of Mrs. Christine Lafayette Jackson, and certain creditors, to sell a small tract of land worth $400 which she owned for that purpose. The bill was filed upon the authority of section 8213 of the Code (Act of 1827), which is as follows:

"Where an executor not authorized by will to sell and convey real estate, or an administrator, has exhausted the personal estate of the deceased in the payment of his debts, leaving just debts or demands against him unpaid, or paid by the representative out of his own means, and the deceased died seized and possessed of real estate, the chancery, circuit, probate or county court of the county where the same or a portion of it lies, may, on the petition of the personal representative, or any *bona fide* creditor whose debt remains unpaid, decree the sale of such lands, or of such portions thereof as may prove least injurious to the heirs and legal representatives, and as may be sufficient to satisfy the debts or demands set forth in the bill or petition, and shown to exist."

It was alleged in the bill that previously the suggestion of insolvency had been made in writing by the administrator to the county court, advertisement for creditors made by the administrator, as authorized by section 8264 of the Code, and that the value of the estate, real and personal, was less than $1,000.

The chancellor dismissed the bill upon demurrer for the reason that the county court had exclusive jurisdiction to sell this tract of land for the purpose of creating assets to pay debts.

Section 8262 of the Code is as follows:

"To carry this rule into execution, exclusive jurisdiction is conferred on the county court of the administra-

tion of all insolvent estates not exceeding the value of one thousand dollars; and concurrent jurisdiction with the chancery court of all other estates. This jurisdiction shall be exercised by the following proceedings in the county court.''

Section 8268 of the Code provides:

''The suggestion of insolvency and advertisement thereof shall operate as an injunction in all cases against the bringing of any suit, before any court of judicature whatever, against the administrator or executor of such insolvent estate.''

Section 8213 of the Code, as well as section 8 of Chapter 175, Public Acts of 1939, confers jurisdiction upon the county court to sell land in the circumstances of this cause, and the county court having obtained jurisdiction for one purpose will retain it for all purposes. Such was the effect of the decision of this Court in *Bashaw, Ex's, v. Temple,* 115 Tenn., 596, 602, 603, 91 S. W. 202, 204, from which we quote the following:

''But the mere suggestion of insolvency does not of itself amount to the bringing of a suit in the county court. To have this effect it must be followed by the publication provided for in Shannon's Code, Sections 4070, 4072. Then the insolvency proceeding attains the status of a *lis pendens*, and not before. *Bates* v. *Elrod,* 81 Tenn. (13 Lea), 156, 159.; *Rhea* v. *Meridith,* 74 Tenn. (6 Lea), 605, 607, 608.

''In the present case it does not appear that anything further was done in the county court than a mere suggestion of insolvency. No publication in that court is shown. Hence the estate of Mrs. Temple has not yet been brought within the scope of the insolvency statutes.

''The decree of the chancellor was based on the assumption that the county court had acquired jurisdiction

of the case. Acting upon this assumption, and upon the fact that the estate real and personal did not equal in value $1,000, he declined to grant an order removing the case from the county court, but on the contrary dismissed it out of the chancery court.

"It is clear that, if no suggestion of insolvency had been made, the chancery court would have had jurisdic-. tion of the controversy under the act of 1827, although the property of the estate was of less value that $1,000, inasmuch as the Act of 1827 imposes no such limitation upon the jurisdiction of the court when acting under that statute.

"It may seem somewhat singular that the chancery court should have jurisdiction of the small estate referred to in the one event and not in the other; but so our statutes read, and we cannot change them."

There is no error in the decree of the chancellor and it is affirmed.