ALAMO DEVELOPMENT CORPORATION *v.* THOMAS.

(*Jackson,* April Term, 1948.)

Opinion filed June 12, 1948.

Rehearing Denied July 17, 1948.

W. G. Timberlake and E. J. Nunn, both of Jackson, for plaintiff in error.

Avery & Avery, of Alamo, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

Harry A. Thomas, a resident of Crockett County, Tennessee, died intestate on January 7, 1947. On January 29, 1947, the appellant, was appointed and qualified as his administratrix. On the same day she had notices

published to creditors pursuant to the then applicable statutory requirements as shown by section one of Chapter 175 of the Acts of the Legislature of 1939, carried in the Code of Tennessee as section 8196.1. This notice provided that all creditors of the estate "file the same with the Clerk of the above named Court within *one year* from the date of the first publication of this notice, otherwise their claims will be forever barred."

On January 15, 1948, within the *one year* period provided in said notice, the appellee filed its claim herein. Within thirty days thereafter, the appellant filed exceptions to said claim and a motion to strike and expunge it from the record.

Through these exceptions and the motion the "case presents and calls for a decision, as respects the proper interpretation of Chapter 175 of Public Acts 1939, of Tennessee, as amended by Public Acts 1947, Chapters 137 and 213."

Chapter 175 of Public Acts 1939, of Tennessee, was duly codified and carried in the Pocket Supplement to Williams Annotated Code, Volume 5, as Sections 8196.1-8196.11 inclusive. After the enactment of Chapters 137 and 213 of Public Acts 1947, of Tennessee, these Code sections were amended so that the Pocket Supplement of the Code, 1947, carry the amendments as set forth in the 1947 Acts.

█ This statutory enactment has frequently been denominated as a nonclaim or administrative statute for the orderly, expeditious, and exact settlement of estates of decedents. Statutes of the kind are jurisdictional.

█ On the date of the death of Mr. Thomas, and on the date of the appointment and qualification of the appellant as his administratrix, Chapter 175 of the Public Acts of 1939, was in force. Section 2 of this Act requires

persons having claims against his estate to file them within *twelve months* after advertisement for creditors. The claim here contested was filed within the year.

The Legislature of Tennessee by Public Acts of 1947, amended the above section 2 by changing the time for filing claims from twelve months to nine months. The effective dates of these changes were March 11, 1947, and March 14, 1947. As heretofore said, the notice to creditors herein was under the twelve months statute in effect at the time. No new or amended notice was given after the statutory change. The claim herein was not filed within nine months after advertisement for creditors.

It is contended herein that since the claim was not filed within the nine months period that it is barred and should be stricken because the amendatory act governs.

Obviously the question presented is whether or not it is within the power of the Legislature to enact a statute of non-claim or of limitations applying retroactively to claims against estates of deceased debtors. It is generally held that the Legislature has such power, "if the legislature allows a reasonable time after the enactment of the statute in which to present such claims." 21 Am. Jur., page 590. It has also "been held that where an estate is in the process of administration, (as herein) any amendment of the statute of nonclaim shortening the time for presentment or proof of claims will not affect the time for proof of claims against such estate unless it expressly provides that it is to operate retroactively." 21 Am. Jur., page 591. A contrary result was reached in *Milbourne* v. *Kelley*, 93 Kan. 753, 145 P. 816, Ann. Cas. 1916D, 389. The Kansas Court apparently grounded its holding on the "reasonable time" rule and quoted from *Sohn* v. *Waterson*, 17 Wall. 596, 21 L. Ed. 737, as follows [93 Kan. 753, 145 P. 817]:

"A statute of limitations may undoubtedly have effect upon actions which have already accrued as well as upon actions which accrue after its passage. Whether it does so or not will depend upon the language of the act, and the apparent intent of the Legislature to be gathered therefrom. When a statute declares generally that no action, or no action of a certain class, shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But if an action accrued more than the limited time before the statute was passed, a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the Legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation. In doing this, three different modes have been adopted by different courts. One is to make the statute apply only to causes of action arising after its passage. But as this construction leaves all actions existing at the passage of the act, without any limitation at all (which, it is presumed, could not have been intended), another rule adopted is to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires—which reasonable time is to be estimated by the court—leaving all other actions accruing prior to the statute unaffected by it. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or, as to them, is unconstitutional, and is a more ar-

bitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others.'' 17 Wall. at page 599, 21 L. Ed. 737.

An annotation of the various holdings will be found in 117 A. L. R. 1208.

We think the rule second above outlined is the most reasonable and just under the facts of the instant case. We will, therefore, adopt and apply it herein. This rule was applied in *Hathaway* v. *Merchants' Loan & Trust Co.*, 218 Ill. 580, 75 N. E. 1060, 1061, 4 Ann. Cas. 164. The Illinois Court said:

''While it is undoubtedly within the power of the Legislature to pass a statute of limitations or to change the period of limitation previously fixed and to make such statute or changes applicable to existing causes of action, yet such a statute is not to be readily construed as having a retroactive effect, but is generally deemed to apply merely to causes of action arising subsequent to its enactment, and the presumption is against any intent on the part of the Legislature to make the statute retroactive. (citing authorities). The statute will only be given a retroactive effect when it was clearly the intention of the Legislature that it should so operate.''

We paraphrase, and quote the reasoning of the Hathaway opinion as follows:

Prior to the death of Thomas the appellee had a right of action against him upon the claim here pressed. Upon his death this claim became fixed and vested subject to certain conditions. One of these conditions was that it should file its claim with the clerk of the County Court of Crockett County within twelve months after advertisement for creditors, which was January 29, 1947. On March 11 and 14, 1947, by amendment, the time was

reduced to nine months, or until September 30, 1947. The claim was filed January 15, 1948. "The presumption is that the Legislature did not intend this law to be retroactive unless the contrary clearly appears. There is nothing in the amendment to indicate such an intention on the part of the Legislature, and therefore the presumption must prevail that it was not to be retroactive."

The appellant contends that, as there was about eight months after the amendatory act took effect within which the appellee could have filed its claim, "this was reasonable time, and that the new limitation should prevail. The act must be applied generally to all claims and to all estates. A single claim or a single estate cannot be pointed out in which the act applies, and then say it does not apply to any other claim or to any other estate. If an estate had been pending for more than one year at the time the amendment went into effect, then all outstanding claims which had not been filed in the Probate Court would be entirely cut off, as far as the statute is concerned, without any opportunity to recover against the estate unless an equitable rule was applied. If an estate had been pending less than a year at the time the amendment went into effect, then the time within which claims might be filed would be cut down all the way from one day to one year. Applying the rule of uniformity to this amendment, we cannot say that a reasonable time was left creditors in which to file claims, or that it was the intention of the Legislature that the amendment should be retroactive. The views above expressed are in conformity with the decisions of the courts of last resort in other jurisdictions holding that similar amendments are not retroactive. *King* v. *Tirrell*, 68 Mass. 331;

*Hildreth* v. *Marshall*, 73 Mass. 167; *West Feliciana Railway Co.* v. *Stockett*, 21 Miss. 395.''

■ The claim herein against this estate is based on an agreement signed by Mr. Thomas to purchase $1000 worth of stock in the appellee corporation. He agrees in writing to pay for said stock within 5 days after notice that $40,000 worth of said stock has been subscribed for. A duly sworn claim with the subscription agreement is here filed, on which the claim is based.

It is said that the County Court is not a ''court of competent jurisdiction'' to entertain such a suit. Normally this statement, and the authorities supporting the statement, is correct. Here though is the Court designated by the Legislature for the probate of estates and the proof of claims of this character against said estate. The claim is *prima facie* valid in every particular insofar as this record is concerned. The exceptions to this claim do not go to the merits of the claim. They are technical in nature raising questions of law only. There can be no doubt that it was within the power of the Legislature to confer jurisdiction on the County Court to hear proof on and approve or disapprove of claims of the kind. See *Miller* v. *Woodruff*, 177 Tenn. 486, 151 S. W. (2d) 159; *Commerce Union Bank* v. *Gillespie*, 178 Tenn. 179, 156 S. W. (2d) 425. If the parties are not satisfied they still have the right of appeal as conferred by Code, sections 9828 and 9030.

For the reasons herein expressed we must affirm the judgment of the County Judge.

All concur.

### On Petition to Rehear.

A courteous and dignified petition to rehear has been filed in this case in which it is said that our opinion "is on its face illogical and incongruous, for that the conclusion stated in the following language, *viz.*: 'For the reasons herein expressed we must affirm the judgment of the County Judge'—overlook and disregard the basic fact, that the jurisdiction of the Supreme Court in the case at bar, primarily depends on the provisions of the amendatory statute (Chapter 213, Act 1947) which, for reasons stated by the Court in its said opinion, has been held inapplicable to administration proceedings that had been begun prior to March 14th 1947, where said amendatory statute became effective, and which were then pending when said Act was passed."

The argument is: That having applied the law in effect prior to the 1947 amendment to the filing of the claim herein we must likewise apply that same law, in so far as our jurisdiction goes, and dismiss the case because improperly here under the old law.

At first blush this argument sounded reasonable. On a more thorough study of the matter though we think the argument unsound. In our original opinion we adopted a construction of the Acts in question that would reasonably protect the *rights* of the claimant. We had there a *right* existing at the passage of the Act. When we take jurisdiction under the amendatory Act we are merely applying a matter of remedy wherein the rights of both parties are protected. A "right" is a well-founded or acknowledged claim while a "remedy" is a means employed to enforce a right or redress an injury.

The party herein complaining appealed direct to this Court. The 1947 Act gave them this right. Under Code sections 9028 and 9030 this party might have taken a different route and eventually arrived here.

In *Cavender* v. *Hewitt*, 145 Tenn. 471, 479, 239 S. W. 767, 770, 22 A. L. R. 755, this Court approved the following statement:

"The state has complete control over the remedies which it offers to suitors in its courts, even to the point of making them applicable to rights or equities already in existence. It may change the common law and the statutes so as to create duties and liabilities which never existed before. It is entirely competent for a Legislature to alter, enlarge, modify or confer a remedy for existing legal rights." 6 R. C. L., p. 309.

The amendatory Act in question gave the parties aggrieved, when no jury was demanded the right to appeal "to the court of appeals or the supreme court, as the case may be." Code sec. 8196.3a. This appellant took that course without complaint. The claim below, in so far as the record discloses, was undisputed and unquestioned except for the technicalities herein and hereinbefore raised. It is perfectly logical and legally correct to hold that we have jurisdiction under the amendatory act and yet at the same time to hold that this Act does not control the right of the claimant, for the reasons assigned in our original opinion.

In line with what we have said herein we feel and hold that the amendatory act as carried in the Code, section 8196.3a, should and can be applied to the action herein. Even though this act was passed after the cause of action accured the remedy it provides is applicable even though the limitation period prescribed in the act is

not herein applied. Under this act (Code, section 8196.3a) the County Judge is authorized and empowered to enter "a judgment upon the findings" from which an appeal may be taken to the proper appellate court.

Under our form of government the Legislature may "ordain and establish" inferior courts other than those prescribed by Article VI, section 1, of the Constitution. It necessarily follows that in establishing these additional courts that the Legislature may fix and circumscribe the jurisdiction of the courts it creates. Reason dictates the advisability of conferring on the County Judge the right and authority to hear and determine claims filed in a probate proceeding before him. In one instance a County Judge or County Chairman was made and given the powers of a Criminal Judge over a newly created Criminal Court. *Hodge* v. *State*, 135 Tenn. 525, 188 S. W. 203. We unhesitatingly think that County Judges were given the right and authority herein exercised, *i. e.*, to enter a judgment on the claim here proven. In view of the form and nature of this claim and the exceptions thereto it was proper for the County Judge to strike these exceptions and enter judment on this claim.

The petition to rehear must be denied.