IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2009 Session

## IN RE: ESTATE OF MARTHA M. TANNER

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 05P-1603     Randy Kennedy, Judge**

---

**No. M2006-02640-SC-R11-CV - Filed October 7, 2009**

---

WILLIAM C. KOCH, JR., J., concurring.


I concur with the Court's conclusion that the nonclaim statutes in Tenn. Code Ann. §§ 30-2-307(a)(1), -310(a) (2007) do not prevent the Bureau of TennCare from recovering correctly paid medical benefits from the late Martha M. Tanner's estate. My two-fold purpose in preparing this separate opinion is to explain my understanding of the basis for the estate's liability and to address the application of the statutory recovery procedures when a TennCare recipient's family decides against probating the deceased recipient's estate.

**I.**

The Bureau of TennCare may recover in this case because the General Assembly has given the Bureau more legal rights than other creditors have. A decedent's creditors must file their claims against an estate within the applicable statutory time periods.[1] If the decedent's estate has not been admitted to probate within six months after the decedent's death, Tenn. Code Ann. §§ 30-1-106, 30-1-303 (2007) permit one of the decedent's creditors, on behalf of all creditors, to initiate a probate proceeding. Once this proceeding is commenced, the creditors may file their claims against the decedent's estate.

Unlike claims of a decedent's creditors which are governed by the nonclaim statutes, there is no limitation period to filing a petition to probate an estate. However, even though a creditor may file a petition to probate the decedent's estate after the first anniversary of the decedent's death, most debtors have little incentive to do so because, in the absence of fraud or other misfeasance by the personal representative, their claims will be barred by the nonclaim statutes. In fact, Tenn. Code

---

[1] *See* 2 Jack W. Robinson, Sr. et al., *Pritchard on the Law of Wills and Administration of Estates*, § 791, at 389-90 (6th ed. 2007) ("*Pritchard*").

Ann. § 30-2-307(d) directs the clerk of the probate court to return any claim submitted by a creditor more than one year after the first anniversary of the decedent's death without filing it.

Unlike other creditors, the Bureau of TennCare has good reason to file a petition to probate a deceased TennCare recipient's estate after the first anniversary of the recipient's death. Once the probate proceeding is commenced, the nonclaim statutes will still bar all the creditors, including the Bureau, from filing claims against the estate. However, the commencement of the probate proceeding imposes a statutory obligation on the deceased recipient's personal representatives to resolve the Bureau's claim. In fact, the probate proceeding, once opened, cannot be closed until the recipient's personal representative files "with the clerk of the court exercising probate jurisdiction a release from the bureau of TennCare evidencing payment of all medical assistance benefits, premiums, or other such costs due from the estate under law, unless waived by the bureau." Tenn. Code Ann. § 71-5-116(c)(2) (2004).[2]

No creditor other than the Bureau of TennCare may take advantage of Tenn. Code Ann. § 71-5-116(c)(2). Thus, in light of the absence of a statute of limitations governing the commencement of a probate proceeding, it is appropriate to construe the nonclaim statutes and Tenn. Code Ann. § 71-5-116 in a way that, in the words of the Court, "favors the Bureau's ability to recover medical benefits."

**II.**

The distribution of a person's property following death implicates two important public policies that can, at times, be in tension with each other. The first policy favors the passage of the decedent's property to his or her heirs and beneficiaries in the most timely and cost-efficient manner possible. *See Alamo Dev. Corp. v. Thomas*, 186 Tenn. 631, 633, 212 S.W.2d 606, 607 (1948) (noting that the nonclaim statutes promote "the orderly, expeditious, and exact settlement of estates of decedents"). The second policy promotes economic efficiency by encouraging the prompt payment of the decedent's debts. *See* 2 *Pritchard*, § 788, at 385; Elaine H. Gagliardi, *Remembering the Creditor at Death: Aligning Probate and Nonprobate Transfers*, 41 Real Prop. Prob. & Tr. J. 819, 826-27 (2007).

At one time, it was generally accepted that probating a decedent's estate was the most preferable and efficient way to carry out both of these policies. *See* 2 Pritchard § 512, at 11, § 513, at 12. However, today most of the property that changes hands at death does so through nonprobative means. John H. Langbein, *The Nonprobative Revolution and the Future of the Law of Succession*, 97 Harv. L. Rev. 1108, 1108 (1984). The estates of deceased TennCare recipients are among the types of estates that are the least likely to be probated by the recipient's family. Thus, the question arises regarding the fairest and most efficient means to resolve outstanding TennCare claims consistent with both federal and state law.

---

[2] Current law contains a similar requirement. *See* Tenn. Code Ann. § 71-5-116(c)(2) (Supp. 2008).

This question must be considered in two circumstances. The first circumstance arises when either the recipient's family or a creditor commences a timely probate proceeding. In this circumstance, the Bureau of TennCare, in the absence of fraud or misfeasance by the personal representative, must file a timely claim against the estate. If the Bureau fails to do so, its claim is "forever barred." Tenn. Code Ann. § 30-2-310(b).

The second circumstance arises when neither the recipient's family nor a creditor commences a probate proceeding. In this circumstance, the recipient's family still has an obligation to resolve the TennCare claim under Tenn. Code Ann. § 71-5-116(c)(2). The statute places the obligation on the recipient's "personal representative" to resolve the claim. While the term "personal representative" is normally associated with judicial proceedings, it can also refer to a decedent's "heirs or distributees." Tenn. Code Ann. § 1-3-105(22) (Supp. 2008). Accordingly, a TennCare recipient's heirs or distributees have an obligation under Tenn. Code Ann. § 71-5-116(c)(2) to resolve a TennCare claim even if no probate petition has been filed. This obligation exists independent of any claim asserted or proceeding commenced by the Bureau.

In addition to the obligation of the recipient's heirs and distributees to resolve an outstanding TennCare claim, the Bureau of TennCare may file a petition to open a probate proceeding and may file this petition more than one year after the recipient's death. Tenn. Code Ann. § 30-2-310(b), by its express terms, applies only to claims for the payment of debts filed in a probate proceeding. It does not create a statute of limitations for a petition to open a probate proceeding in accordance with Tenn. Code Ann. § 30-1-106. Likewise, it does not alter our holding in this case, based on Tenn. Code Ann. § 71-5-116(c)(2), that the Bureau's filing of a petition to probate a deceased TennCare recipient's estate more than one year after the recipient's death triggers the obligation of the recipient's personal representative to resolve the TennCare claim.

### III.

The Court's decision in this case rests on its recognition that the General Assembly enacted Tenn. Code Ann. § 71-5-116(c)(2) "to provide a robust and effective mechanism to both recoup its expenses and fulfill its obligations to the federal government." I concur with the Court's decision because Tenn. Code Ann. § 71-5-116(c)(2) imposes an obligation to resolve claims for properly paid TennCare benefits on the personal representative of the deceased recipient, irrespective of whether a probate proceeding has been commenced.

_____
WILLIAM C. KOCH, JR., JUSTICE