Pee Cueiam.
 

 The son of Massingale died, leaving a will, a widow, and two children; he gave negroes to his wife, some to one child and some to another. He divided his real estate equally amongst his wife and children. He directed his household and kitchen furniture to be kept by the widow, for the support of herself and children ; he directed his stills to be sold, and the money given to the widow, for the same purpose ; and he directed the moneys due him to be collected and given to the widow, for the support and maintenance of herself, * and the education of the children. He apjiointed her, with two other persons,
 
 *287
 
 his executrix. Massingale, the grandfather, was by the County Court of Granger appointed guardian of the children, as to the care of their lands and negroes. Hale, who married the widow, appealed to the Circuit Court. That court reversed the special appointment of the County Court, and appointed Massingale guardian of the children generally. Hale appealed to this court.
 

 The County Court may remove a testamentary guardian in case of insolvency, wasting of the estate, intended removal, mismanagement, or intended disparagement in marriage, or other sufficient cause. The inquiry here is, whether Hale was constituted a testamentary guardian by this will. Guardians in socage, before our act of 1762,,were designated bylaw, and the custody of the ward and lands. Where no lands but personal estate, the ordinary appointed a guardian, where there is no father. By our law, where there is not a testamentary guardian, the County Court may appoint a fit person, whether he be next of kin or not. And the person appointed hath the custody of the wards, person, goods, chattels, and real estate. But in making the selection, the court ought to consider of the objections which lie against the person proposed, who, if equally well qualified with the opposing candidate, should be pretermitted on account of such objections. Are there any objections in the present case to Mr. Hale ? A division of the real estate is to be made, and in that allotment his interest is inconsistent with that of the ward. Mrs. Hale is executrix and accountable to the ward. Who shall call her to account if her husband be the appointed guardian ? As to the property which is set apart for the maintenance and support of herself and children, who is to complain to the court if she should not set apart for them such portions as their situations and circumstances required ? Or * should she make either no allowance to them, or an unequal and unjust one ? With these objections staring him in the face, Mr. Hale ought not to be appointed. We do not hear of any incompetency or unfitness on the part of the grandfather. Therefore the Circuit Court have not erred in our opinion. Affirm the judgment.