[Bills of Exchange.]

The UNITED STATES *against* PRISCILLA BARKER, Administratrix of ABRAHAM BARKER, deceased.

Wherever the government of the United States, through its lawfully authorized agents, becomes the holder of a bill of exchange, it is bound to use the same diligence, in order to cnarge the endorser, as in a transaction between private individuals.

Where the United States were the holders of certain bills of exchange, and their agent in New-York was directed, by a letter from the Secretary of the Treasury, dated Washington, December 7th, 1814, to give notice of non-acceptance to the drawer and endorsers, residing in New-York, and notice was given to the endorser on the 12th of the same month, the mail which left the 8th having arrived at New-York at 35 minutes past 10 o'clock, A. M. on the 10th: *Held*, that the endorser was discharged by the negligence of the holders.

So, also, where the United States were the holders of other bills, and their agent in New-York was directed, by a letter from the Secretary of the Treasury, dated Washington, May 8th, 1815, to give notice of non-payment to the drawer and endorsers residing in New-York, and notice was given to the endorser on the the 12th of the same month, the mail which left Washington on the 8th having reached New-York early on the morning of the 11th; *held*, that the endorser was discharged by the negligence of the holders.

ERROR to the Circuit Court for the Eastern District of Pennsylvania.

This was an action of assumpsit brought in the Court below by the United States, against the personal representative of A. Barker, deceased, the endorser of several bills of exchange, drawn in the year 1814, by J. Barker, in New-York, on different houses of trade in England. Among the bills, two were protested for non-acceptance, and two for non-acceptance and non-payment. It appeared in evidence at the trial, that the agent of the United States Treasury, in New-York, where the bills were drawn, and where the drawer and endorsers resided, received a letter from the Secretary of the Treasury, dated Washington, December

7th, 1814, requesting him to notify the drawer and endorsers of the non-acceptance of the first set of bills, and that notice was accordingly given to them on the 12th of December. It was further proved, that the mail which left Washington on the 8th of the same month, arrived at New-York at 35 minutes past 10 o'clock, A. M. on the 10th. It was also proved, that the said agent received a letter from the Secretary of the Treasury, dated at Washington, May 8th, 1815, directing him to give notice of the non-payment of the second set of bills of exchange to the drawer and endorsers, and that they were notified on the 12th of the same month. It was further proved, that the mail which left Washington, containing letters of the 8th of May, reached New-York early in the morning of the 11th. But no notice of the non-acceptance of this second set of bills was proved.

The learned judges in the Court below instructed the jury, that the holders of the bill had not used due diligence. The letter of the 7th of December, 1814, must be considered as having been written on that day, and ought to have been put into the post office to come by the mail of the 8th, and, if so, it would have reached New-York on the morning of the 10th. That the letter of the 8th of May, 1815, should have been put into the post office to come by the mail of the 9th, and would have reached New-York the morning of the 11th. The earliest notice alleged was on the 12th of May and December, respectively; and it seemed clear, either that the letters were not put into the post office at Washington in due time, or that the agent in New-York was guilty of negligence in giving notice to the parties, in either of which cases they were discharged.

A verdict and judgment was rendered upon this instruction in the Court below, on which the cause was brought, by writ of error, to this Court.

The cause was submitted without argument, by the *Attorney General*, for the United States, and by Mr. *Webster* for the defendant.

Mr. Chief Justice MARSHALL delivered the opinion of the Court:

1827.

Parker
v.
Judges of
Cir. Court of
Maryland.

That whatever doubts might be entertained as to the charge of the Court below relating to the transactions in England, (which it has not been thought necessary to state,) in respect to the protest and transmission of the bills, we think there is none as to what took place after their arrival at the treasury of the United States. The question was, whether notice of the dishonour of the bills was transmitted to the party within the time prescribed by the general law in respect to bills of exchange. The Court were of opinion, that there was negligence either at Washington or New-York, as to giving such notice; and that the notice actually given was too late to fix him with the responsibility. The letter from the treasury department giving the notice, was either not sent in due course of mail to New-York, or there was negligence at New-York in not giving notice there as early as it should have been given, after the letter arrived at that city. Whether, therefore, the Judge erred or not, as to the first part of his charge, in respect to the transmission of the bills from England in a reasonable time, there was no doubt that the United States had no right to recover on account of the neglect in giving due notice after the return of the bills.

Upon this ground, the judgment of the Circuit Court was affirmed.