Whyte, J.
delivered the opinion of the court.
The laws of this State have placed the condition and state of orphanage, under the power and protection of the county courts, both as to the custody of the person and the management of the property. In their discretion is reposed the trust of making a proper selection for guardian; and to insure the correct discharge of the important duties belonging to the office, the law hath also clothed the same courts with ample power; it has given them the superintendance and controul of the guardian and if necessary to displace him, and appoint another in his stead of 1762, ch. 5, sec. 9, 15, 16.) In the present case, me county court of Henry county has deemed it necessary in the exercise of the trust confided to them, to displace Mr. Crutchfield, the plaintiff in error, from the guardianship of the minor orphans of John Thomas deceased; and although acts not warranted by law were done by him, or permitted to be done, yet injustice to his motives, it ought to he stated, that from the facts set forth in the hill of exceptions, no malpractice, or fraud, or act injurious to the interests of his wards, appear to have been designed or committed intentionally by him.
It cannot, however, he considered by this court, that the county court has exercised its descretion improperly. That court has opportunities for possessing a more correct view of the whole case than this court, and we are hound to take the displacement of the guardian, as a correct proceeding, and necessary for the benefit of the orphans; the more especially in the present case, as it has also met the approbation of the circuit court.
The act of appointing the administrator to the office of guardian was an improvident act; and the conversion of the real into personal estate was wholly unauthorized by law under the circumstances appearing in this record, although sold for a fair and full value. These acts author *338 ized a displacement of the guardian, the plaintiff in error.
Judgment affirmed.