Ezell *v.* Hamilton.

LA FAYETTE EZELL, *et al., v.* JAMES HAMILTON, *et al.*

LIABILITY OF SURETIES OF REPRESENTATIVE AND GUARDIAN. The
purpose of the Act of 1847–8, Code, §2489, is to have the accounts of
the executor or administrator who might have any estate of an infant
in his hands settled and made matter of record, with nothing left for
the party to do in his representative capacity, before being appointed
guardian of the infant. The settlement draws the distinct line be-
tween the two fiduciary relationships, and locates the liability; and
the sureties are liable upon the respective bonds, as the facts may
show.

Code cited: §2489.

FROM DAVIDSON.

No record can be found.

TURNEY, J., delivered the opinion of the Court.

The question presented by the demurrer of Thos.
B. Johnson, administrator of Wm. H. Hagan, who was
surety on the administration bond of Hamilton, is a
single one involving the construction of the Act of
1847–8, Ch. 115, carried into the Code, §2489, in the
words: "No executor or administrator, having in his
hands, as such, any estate of an infant, shall be ap-
pointed his guardian until he shall have first settled
his accounts as executor or administrator."

The multiform and complicated litigation growing
out of the practice of appointing executors and admin-

istrators to the office of guardian, led to the passage of this Statute. Its purpose is to have the accounts of the executor or administrator settled and made matter of record, with nothing left for the party to do in his representative capacity. In other words, it intends that the representative show what he has done as such, and what, if anything, there is remaining in his hands for distribution, so presented that those entitled are put to no trouble in its collection from the representative and his securities.

These things being done, there can be no objection to the appointment of the representative to a guardianship. Because the settlement draws the distinct line between the two fiduciary relationships, and locates the liability. If then, that is, upon settlement of the accounts as representative, the Court shall appoint such representative the guardian, taking proper bonds, the trouble and difficulty contemplated by the Statute is obviated, and the line of obligation between the one and the other undertaking distinctly defined.

It was not the purpose of the Legislature that the representative should take advantage of his own wrong. The Statute was meant as an inhibition upon him, but not to the prejudice of minors; so that while he is to be bound by his acts, it is not to follow that minors are.

The result is, the representative and guardian is liable in his double capacity, and the sureties on the respective several bonds, as the facts may show; the sureties on the administration bond for the amount

shown to be in his hands, before his settlement, as prescribed by the Statute; and sureties on the guardian bond for such amounts as may have been impressed with the character of guardian funds by the acts and conduct of the representative after his appointment as guardian. Such acts and conduct will not, however, relieve the first administrator's securities from their liability for the administration fund in the hands of their principal at the time of his appointment, before settlement of his accounts as executor or administrator. To follow the decisions anterior to the Statute would be to ignore it and make it of no effect. The Statute was evidently meant to remedy the evils indicated by these decisions.

The decree of the Chancellor is affirmed, and cause remanded for the account.