United States of America v. Arlene Summerlin, as Ancillary Administratrix of the Estate of J. F. Andrew, Deceased.

191 So. 842

Opinion Filed November 10, 1939

*Herbert S. Phillips* and *Joseph E. Gillen,* for Appellant;
*A. Summerlin,* for Appellee.

TERRELL, C. J.--This case arises. from these facts: In March, 1935, as provided by the National Housing Act, J. F. Andrew executed his promissory note for $839.86 in favor of W. B. Craig, payable in thirty-six equal monthly installments. The note was transferred to Johns-Manville Credit Corporation. The maker defaulted in his payments and Johns-Manville Credit Corporation made demand on the Federal Housing Administrator for the sum of $529.19, said amount being the balance due on the note. It was paid by draft on the Treasurer of the United States and the latter became the owner of the note. Andrew died and appellee was named ancillary administratrix of his estate in Polk County.

August 13, 1937, the ancillary administratrix gave notice to creditors to file proof of their claims against Andrew's estate within eight months, as required by law. On July 1, 1938, eleven months after the notice, the United States filed proof of its claim in the county court and petitioned the judge for an order declaring it to be superior to all other claims as a debt due the United States as provided by Sections 191 and 192, Title 31, U. S. Code Annotated. The petition was denied because the claim was not filed within eight months from the time the notice to creditors was given. This order was on appeal approved by the circuit court. The decree of the circuit court is here for review.

The question to be answered is whether or not claims held by the United States against the estates of decedents in this State must be filed in eight months from date of notice thereof as required by Section 5541 (92) Compiled

General Laws of 1927, the pertinent part of which is as follows:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise: * * *."

This is not a statute of limitations prescribing a period within which a right may be enforced but it is rather in its nature a statute of non-claims for the orderly and expeditious settlement of the estates of decedents. It is in the same category as statutes providing for conveyancing and marketing negotiable instruments, and conducting other business relations. The United States and its agencies are on notice of such statutes and are bound by them to the same extent and in the same manner as other persons are bound by them. If this is not the case, there is now no such thing as orderly and expeditious administration of estates and other businesses because of the extent to which the Federal Government has become a competitor in them. Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749; United States v. Barker, 12 Wheat. 559, 25 U. S. 599, 6 L. Ed. 728; Cook, et al., v. United States, 91 U. S. 389, 23 L. Ed. 237.

In this holding, we have not overlooked the cases cited by appellant. They have been read but they do not apply to statutes such as we are confronted with in this case. They treat rather the application of statutes of limitations which in many instances do not apply to State or Federal governments. Neither are such governments bound by laches or estoppel but such rules are not involved in this case. When governmental entities depart from their sovereign function and compete with private citizens in business, they should be bound by the same rules.

The judgment is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.