COMMERCE UNION BANK *v.* GILLESPIE *et al.*[*]

(*Nashville,* December Term, 1939.)

Opinion filed June 29, 1940.

---

[*]Designated for publication December 9, 1941.

182

NORVELL & MINICK and HORACE OSMENT, all of Nashville, for complainant.

WM. M. MARTIN and WM. HUME, both of Nashville, for Mrs. Gillespie.

JOSEPH HIGGINS, of Nashville, *Amicus Curiae*.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Bank filed this bill alleging that it was executor under the will of J. W. Gillespie, probated on the 17th

day of October, 1939, naming as defendants the widow, Anne Caroline Gillespie, a minor child over fourteen years of age, the County Court Clerk and Attorney General, praying for instructions in the execution of its trust, particularly with respect to the rights and obligations and duties arising under Chapter 175, Acts of 1939, which became effective June 1st, 1939, according to its terms, it being alleged that if said Act was constitutional, which the bill questioned, certain of its provisions were so obscure and of such doubtful meaning as to demand construction, in advance of action by complainants.

The title of the Acts is restrictive and purports to deal with certain designated matters touching the administration of the estates of decedents, and reads as follows (the numbers inserted for clearer subdivision being ours):

"A Bill to be entitled An Act to regulate the administration of estates of deceased persons by providing for [1] the giving of notice to creditors of the qualification of the personal representative, for [2] the probate and registration of claims against such estates and limiting the time therefor, for [3] the classification of claims, for [4] the contest of disputed claims, and for [5] the sale of real estate in insolvent estates; and repealing all laws in conflict with this Act."

The prayer was for an adjudication as to the constitutionality of the Act and for instructions, as before stated, the bill being filed in exercise of the right of a fiduciary to seek aid in equity; and the prayer was also for a declaration under the declaratory judgments Act, Code Sections 8835 et seq.

The Chancellor upheld the right of complainant to bring the bill in its capacity as executor, but held that,

as trustee under the will, its suit was premature, the transfer from executor to trustee having not yet become effective. He considered the Act as a whole and held it constitutional, and he also construed those of its provisions as to which the bill expressed uncertainty.

Omitting the opening clauses containing formal recitals of procedure immaterial here, the decree of the learned Chancellor thus fully and clearly disposes of the questions presented by the pleadings, incidentally setting forth the contentions made:

"That complainant, Commerce Union Bank, Executor of the will of the late J. W. Gillespie, is entitled, as a fiduciary, to be advised and instructed in the premises, and that the Court has jurisdiction both to so advise and instruct said fiduciary and to make declaration and decree under declaratory judgment statutes of the State of Tennessee; that Chapter 175 of the Public Acts of 1939 is valid and constitutional in all respects; that said Act in no wise repeals or alters laws and statutes existing at the time of its passage as to the rights of the widow, the defendant, Mrs. Buyde Gillespie, in case she should dissent from the said will, either as to year's support, homestead, exempt property, dower right or distributive share in personal estate of decedent.

"That said Act in no wise changes the substantive rights as to the shares of those taking under prior statutes of descent and distribution, and that:

"(a) Irrespective of whether or not there be a formal suggestion of insolvency of this estate made, or of there being actual insolvency, the administration thereof may proceed in the County Court of Davidson County, Tennessee.

"(b) If the personal estate of decedent be insolvent and it shall be necessary to sell all or part of de-

cedent's lands to pay debts (all or most of the land left by decedent being situated in Davidson County, Tennessee), the complainant, Commerce Union Bank, as Executor, or any creditor whose claim is duly filed, may at any time file a petition in the County or Chancery Court of Davidson County, Tennessee, to sell land for the purpose of paying decedent's debts, etc., as provided in Section 8 of the aforesaid Act.

"(c) In case any such petition be filed in the County Court hearings thereon may be had upon oral testimony, and, in case of an appeal, appeal will lie to the Circuit Court of Davidson County, Tennessee.

■ "(d) The said Commerce Union Bank, as Executor, or any other party interested in the estate of the decedent, either as creditor, distributee, heir or otherwise, may at any time prior to the end of the thirtieth day that succeeds the end of the twelve month period after publication of notice to creditors was made by the said Executor, as provided in Section I of the said Act, file written exceptions, in triplicate, to any claim or claims that have been filed with the Clerk of the County Court of Davidson County, Tennessee; the County Judge of Davidson County may hear and determine all issues, and in no such hearing shall either claimant or exceptant be entitled to demand or have a jury trial in the said County Court, but an appeal by the party cast will lie to the Circuit Court of Davidson County, Tennessee, and in such Court a jury may be demanded and had in relation to any claim on which there would be a right of trial by jury if same had been presented in the form of a declaration following summons filed in the Circuit Court against the decedent prior to his death.

■■ "(e) All claims and demands (except taxes and assessments) against decedent's estate that are not

filed with the Clerk of the County Court of Davidson County within the twelve months' period prescribed by Section 2 of the said Act or on which suit shall not have been brought or revived before the end of one year from the date of the said publication of notice to creditors (required by Section 1 of said Act) shall be forever barred from assertion against the Commerce Union Bank, Executor, or any successor administrator with the will annexed, and from payment out of assets while in the hands of any such personal representative, and the personal representative may, without liability for the payment, distribute the assets of the estate and close the administration, as provided in said Act, and neither the County Court of Davidson County nor any other court has power or jurisdiction to permit any delay in the filing of any such claims, i. e., to permit the filing of any such claims after the expiration of the said twelve months' period or to permit any relief to be granted thereon against the personal representative or the assets while in its hands, except as to any property on which there is a subsisting lien, as provided in Section 10 of said Act, and with the further exception, of course, as provided in Section 10 of said Act, as to any claims or demands asserted by suit by either a creditor or beneficiary against the personal representative for waste or mismanagement of the assets of the estate or other wrongful action in connection therewith.

 " (f) No holder of any lien shall assert any claim against liened property while same be in the hands of the personal representative, except by claim or demand filed with the County Court Clerk of Davidson County, as provided in Section 3 of said Act; but if no such claim or demand be so filed within the said twelve months'

period, any such lienor, after the administrator of the estate is closed or the said liened property is distributed, may enforce the lien at any time within the limitations of the ten-year Statute of Limitations; and, except as to any such liened property, if claim (exclusive of claims of the United States of America, any State or subdivision thereof for taxes and assessments) be not filed by a creditor within the aforesaid twelve months' period, whether such claim or demand be a contingent or unmatured one or not, and whether same be held by or accrue in favor of a person under disability, all right thereon shall be barred, both against all assets of the estate while in the hands of the personal representative and likewise against the personal representative.

▇▇▇▇▇ "(g) The clause in the next to the last paragraph of Section 4 of the Act relating to the ninety day period should be elided, such elision does not affect the validity of the Act, and then just following said clause in the said paragraph the language is inaccurate, but the meaning and intent of the Legislature is clear, looking to the Act as a whole and particularly the foregoing portion of Section 4, and, therefore, the Court construes said paragraph as reading in its entirety as follows:

" 'All uncontested claims and all contested claims which have been finally adjudged and allowed shall be paid by the personal representative as soon as practicable after the expiration of thirteen (13) months, if, after segregating sufficient assets or funds to pay each contested or unmatured claim, with interest, etc., as provided in the paragraph hereof just preceding, funds are in his hands for this purpose, payment being made according to the classification of the claims.'

"The Court further orders and adjudges that com-

plainant, as Trustee, under the will of J. W. Gillespie, has no right to maintain this cause at this time, and the bill, in so far as any relief is sought by the said complainant, as Trustee, is dismissed for prematurity, without prejudice later at the proper time, if it deems necessary, to seek the advice of the Court, upon a proper pleading, as to the performance of its duties as Trustee under the will of the said J. W. Gillespie.''

An appeal was prayed by William M. Martin, Jr., guardian *ad litem,* for the minor and in this Court he complains that the Chancellor erred as follows:

''1. In sustaining the constitutionality and validity of Chapter 175 of the Public Acts of 1939, because same is invalid and unconstitutional for the reasons stated and on the grounds stated in the original bill.

''2. In dismissing the bill as to complainant, in so far as it sued in the capacity of Trustee under the will of J. W. Gillespie, for prematurity, and in declining to construe said Act and give instructions to the said complainant, as Trustee, as to whether or not any claim not filed with the County Court Clerk by a creditor within the twelve months' period, as provided in Section 2 of said Act, may be later asserted against a testamentary trustee or other distributee, if action thereon be at that time not barred by other statutes of limitation of this State.

''3. In finding, holding and ordering:

''(a) That the administration of this estate, of large size and value, to-wit, largely in excess of the value of $1,000.00, and insolvent, may proceed in the County Court.

''(b) That though of said size and condition, the Executor or any creditor, whose claim is duly filed, may file

a petition in the County Court if it or he so desires to sell land for the purpose of paying decedent's debts, etc., as provided in Section 8 of the Act.

"(c) That if such petition be filed, appeal will lie to the Circuit Court.

"(d) That all tax and assessment claims need not be filed within the twelve months' period, as prescribed by Section 2 of the Act, and the sovereign or political subdivision entitled to the payment thereof will not be barred by such omission to file claim of any right against the personal representative or the assets of the estate while in its or his hands."

The first assignment is obviously too general and indefinite to invoke consideration under the rules of this Court, which will not search through many pages of the record to discover points of alleged constitutional invalidity, none being specified in the assignment. Moreover, it appears from the brief for appellant that appellant is not interested in attacking the constitutionality of the Act, but to the contrary. And it may be added that we do not see how or wherein the complainant below was so interested.

The second assignment, also, is overruled, since we agree with the Chancellor that complainant was not in position to file the bill in the capacity of trustee, not having proceeded with the administration in its capacity as executor to that point. It may be also said that we think no sufficient showing was made to justify recognition of the proceeding as within the scope of our declaratory judgments statutes, no such controversy as is contemplated thereunder sufficiently appearing. However, these matters are not material, since the purposes of the complainant are adequately met by the recognition of its

right to come into Court in its capacity as executor, and the decree of the Chancellor expressly reserves to complainant the right to come into Court for advice and instructions, if and when this becomes necessary in the course of its administration in the capacity of trustee.

Under the third assignment, subsections (a) and (b), the point made is that in Section 8 the Act enlarges the jurisdiction of the County Court so that it may administer insolvent estates of more than $1,000 in value, including the sale of land for debts. We find no sufficient reasons offered why the Legislature may not so provide, as it appears to do. The argument appears to be (1) that no appeal is provided for from this Court, and (2) that it is presided over by men who are not learned in the law. Neither objection is sound; the right of appeal, expressly conferred by Code Sections 9028, 9030, remains in full effect; and, from time immemorial our approved procedure has recognized the authority of men who were not lawyers to act as probate judges. There is no constitutional provision which restricts the Legislature in its selection of judges and lawyers to persons having any such particular qualifications.

Argument is offered as to the validity of the limitation fixed by Sections 2 and 3 of the Act upon the filing of claims. Section 2 requires the filing, in duplicate, with the Clerk of the Court in which the estate is being administered, within twelve months after the date of said notice, of claims of all persons, resident and nonresident, whether *sui juris* or not, having claims against the estate, etc. Section 3 provides that after the expiration of twelve months from the date of said notice, the personal representative may wait thirty days before making payment of claims that have been filed; that at any time

during or prior to said thirty day period, the personal representative, or any party interested in the estate, may except to any claim by filing written exceptions, in triplicate, with the Clerk of the Court in which the estate is being administered; that the Clerk shall, within ten days after filing of such exceptions, fix a date for hearing thereof by the Court, mailing notices, etc., such date of hearing to be not less than fourteen months after the date of said notice to creditors, dispensing with formal pleadings, providing for judgment of the Court, and appeal within thirty days, etc., and that all claims and demands not filed with the Clerk as required by the Act, or on which suit shall not have been brought, or revived, within one year from the date of the notice to creditors shall be forever barred from assertion against the personal representative and from payment out of assets while same are in his hands, and the personal representative may, without liability for the payment, distribute the assets of the estate and close the administration.

Since the Chancellor's decree holds this limitation binding on all creditors (excepting taxes and assessments), we are unable to see how the Commerce Union Bank, or this minor appellant, have any ground of complaint of his decree, which manifestly is in their interest. We find no authority for denying to the Legislature the power to fix reasonable limitations, here twelve months, upon the filing of claims against the estates of decedents. The proceedings being *in rem,* which determines the status of the subject matter, and thus are conclusive, not only on the parties before the Court, but all others, and the statute being of the non-claim class, for the orderly disposition of estates, this is true whether the claims be those of nonresidents or of infants or mental

incompetents. 21 Am. Jr., 377, section 13; 16 C. J. S., Constitutional Law, section 619, p. 1248; 37 C. J., 985, 1018. And see *Pinson* v. *Ivey*, 9 Tenn. (1 Yerg.), 296, 340; *Martin* v. *Stovall*, 103 Tenn., 1, 52 S.. W., 296, 48 L. R. A., 130, which are in point in principle. Moreover, the general rule is, as said by MR. JUSTICE MILLER in *Vance* v. *Vance*, 108 U. S., 514, 2 S. Ct., 854, at page 859, 27 L. Ed., 808, at page 811: "The exemptions from the operation of statutes of limitations, usually accorded to infants and married women, do not rest upon any general doctrine of the law that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time, after majority or after cessation of coverture, to assert their rights."

 Complaint is directed by subsection (d) to the exception by the Chancellor of tax claims from the limitation. This is consistent with the general rule that the sovereign is not within the limitation, unless expressly so provided. Attention is called, in a supplemental brief, to the recent case of *United States* v. *Summerlin*, 310 U. S., 414, 60 S. Ct., 1019, 1020, 84 L. Ed., 1283, wherein the Supreme Court considers a somewhat similar Florida statute, which provided:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney and be filed in the office of the county judge granting letters.

Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise.''

Here is a statute which the Florida Supreme Court describes as of the non-claim class, even broader than ours under review and prescribing a shorter period. 140 Fla., 475, 191 So., 842. However, the case is aptly cited in response to the complaint made by subsection (d) of the third assignment that the Chancellor excepted tax claims, etc. The Supreme Court held that the Florida statute did not cut off claims of the United States Government, or its agencies, such as, in that case, the Federal Housing Administrator.

Moreover, this exception is supported by the provision in Section 4 of the Act, which expressly prefers ''taxes and assessments imposed by the Federal or any State government or subdivision thereof.'' The third assignment, also, is overruled.

We deem it unnecessary to lengthen this opinion. We think the Chancellor, as before indicated, clearly and correctly construes the various clauses of this Act and we approve and adopt his decree.

We may say in conclusion that we are not impressed with the substantiality of the issues presented in this cause. It is not clear that complainant was in position to require any adjudication. No direct challenge of the constitutionality of the Act is made. Such as is presented is suggestive only and with indications of doubt and of hope that the suggested objections will not be entertained. Applying the rule that a litigant may not question the constitutionality of an act unless adversely

affected thereby, the right to maintain the bill would be doubtful.

However, the Chancellor in the exercise of his discretion, consented to construe the Act at the request of this fiduciary and we accept and approve his action. His decree is in all things affirmed.

## On Petition to Rehear.

A petition to rehear calls our attention to an alleged error in one particular. Reviewing the case, we affirmed the decree of the Chancellor construing the Act of 1939, Chapter 175, regulating the administration of estates of deceased persons. The provision called to our attention in this petition is that relating to appeals from the County Court, it being asserted that the Chancellor, while correct in other respects, erred in construing this Act as requiring the appeal to be taken to the Circuit Court. It is argued that the appeal, in the class of cases dealt with, should be direct to the Court of Appeals or Supreme Court, as the case may be.

Upon review of the authorities and of the section of the Act involved, we are of opinion that the decree of this Court should be corrected so as to provide, overruling the decree of the Chancellor to this extent, that where the petition is filed in the County Court for the sale of lands to pay debts, and hearings thereon are had upon oral testimony, in case of an appeal such appeal will lie direct to the Court of Appeals or Supreme Court, as the case may be. The petition is granted, and the opinion and decree of this Court heretofore handed down in this cause will be corrected and amended accordingly.