THIRD NAT. CO. *v.* COMMERCE UNION BANK.

*(Nashville*, December Term, 1943.)

Opinion filed July 1, 1944.

510

W. P. COOPER, of Nashville, for defendant-plaintiff in error.

HUME, HOWARD, DAVIS & GALE, of Nashville, for plaintiff-defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The circuit judge entered a judgment of $489.50 in favor of the Commerce Union Bank as testamentary trustee of J. W. Gillespie, deceased, and his action was affirmed by the Court of Appeals. *Certiorari* has been granted and the case argued before this Court which presents only one question: Whether the Commerce Union Bank as such testamentary trustee could maintain

this suit, it having also been named executor under the will and no final accounting having been made as such executor. It is conceded that the Bank could not maintain the suit as executor.

The record discloses that the deceased owed the Third National Company two notes secured by mortgages. The rental collections were by the deceased assigned to the National Company, and it undertook to withhold a commission of 5 per cent for making these collections. The commission represents the amount involved in this suit, and the rents involved accrued and were collected by the National Company after the death of Mr. Gillespie.

 The title to the real estate is expressly devised to the Commerce Union Bank, Trustee. Accordingly, the right to manage the real estate would belong to said Bank as trustee. Administration of Estates in Tennessee, Higgins, sec. 946, p. 551, and sec. 951, pp. 553, 554; *Schmid* v. *Baum's Home of Flowers, Inc.*, 162 Tenn., 439, 37 S. W. (2d), 105, 75 A. L. R., 261; *Combs* v. *Combs*, 131 Tenn., 66, 173 S. W., 441.

It is sometimes difficult to ascertain just when the duties of the executor end and the duties of the trustee begin. In administration of Estates in Tennessee, Higgins, sec. 943, pp. 548, 549, it is provided:

"A question of moment that often arises is as respects the time when the executor shall be deemed to be also trustee; in other words when the trust proper has its exception (inception). The general rule is that when an executor collects or has under his control more than sufficient assets to pay the debts of the estate, his obligation to perform the trust duties begins; and he will thereafter be deemed to be discharged of the duties as trustee with respect to the surplus after the payment of debts

and legacies. He will be presumed thereafter to be acting as trustee.''

In *Fidelity Trust Co.* v. *Service Laundry Co.*, 160 Tenn., 57, 70, 22 S. W. (2d), 6, 10, this Court said:

''But when the testatrix names an executor as testamentary trustee, the fund bequeathed in trust may be treated as in the possession of the trustee, for the use of the beneficiary of the trust, as soon as the executors obtain possession of sufficient assets of the estate to justify the application to the trust of the sum fixed by the will.''

■ When these suits were brought the Bank, as executor, had not made its final settlement and been discharged. However, it had set up on its books a trust account as trustee under the will of Mr. Gillespie and the estate is solvent. It had done no other affirmative act as testamentary trustee, and we are of opinion that no further act was necessary. The legal title to this real estate being devised to the Bank as testamentary trustee, the right to sue for these rents belonged to the Bank in that capacity. In case of intestacy, the right to collect rents on realty owned by the decedent accruing after his death would pass to the heirs and not to the personal representative.

■ No formal qualification of the trustee was necessary as required by section 7773 of the Code. This section does not apply to testamentary trustees. *Kerr* v. *White*, 68 Tenn., 161.

■ ■ The National Company insists that section 8467 of the Code applies, but this section simply provides that no executor or administrator may be appointed guardian of an infant ''until he shall have first settled his accounts as executor or administrator.'' This section locates the liability of the sureties, who are liable on the respective bonds, as the facts may show. *Ezell* v.

*Hamilton*, 63 Tenn., 304; *Adams* v. *Gleaves*, 78 Tenn., 367. Also, this section does not permit an executor to act as guardian until his accounts are settled. *Massingale* v. *Hale*, 5 Tenn., 30; *Ex parte Crutchfield*, 11 Tenn., 336.

We have no statute which forbids a person from acting as administrator or executor and also as testamentary trustee. In the instant case the Bank, which was both executor and trustee, set up a special account as trustee; and the right of action having accrued to the estate, we see no reason why it could not be maintained in the name of the Bank as trustee, even though no final settlement had been made of the estate. Certainly, the rents from which the commission in question arose presented a cause of action in the trustee and not in the executor. To hold otherwise would oftentimes result in loss to an estate after a cause of action accrued by the failure of the executor or administrator to close his accounts and permit the trustee to function.

Counsel for the National Company relies on the following language used by this Court in *Commerce Union Bank* v. *Gillespie*, 178 Tenn., 179, 191, 156 S. W. (2d), 425, 430:

"The second assignment, also, is overruled, since we agree with the Chancellor that complainant was not in position to file the bill in the capacity of trustee, not having proceeded with the administration in its capacity as executor to that point."

The Court in that case was dealing with the right of the trustee to maintain a bill under the Declaratory Judgments Act, Code, sec. 8835 *et seq.*, and held that the suit was properly brought by the executor, the transfer from the executor to the trustee not having yet become effective.

In the present case there was no occasion for seeking a declaratory judgment on the part of the trustee, and the right to collect the rents accruing after the death of Mr. Gillespie passed to the trustee.

In Administration of Estates in Tennessee, Higgins, sec. 942, p. 548, it is provided:

"It is permissible for these peculiar trust duties to have their exception (inception) and be operative from the date of qualification and to be concurrently performed along with his administrative duties."

In 11 R. C. L., 21, it is said:

". . . One fundamental difference between an executor and a trustee is, that the duties of the former pertain to the office, and those of the latter to the person. In accordance with this distinction a person administering the estate of a decedent as an executor is said to act as such by virtue of his office; but in serving as trustee he is deemed to act as the donee of a trust power."

Upon a controversial matter the trustee is not entitled to a declaratory judgment until he is charged with the responsibility as donee of a trust power. This duty to act on the part of the trustee may be upon the death of the decedent or later, depending on the facts of the case. If the trustee has not been charged with the duty of acting, then the suit for a declaratory judgment is properly brought by the executor, as was done in the case of *Commerce Bank* v. *Gillespie, supra.*

It results that we find no error in the decree of the Court of Appeals and it is affirmed.