**Christine L. BACIGALUPO, Administratrix of the Estate of James Roy Bacigalupo, Sr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 3:04CV0885.**

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 15, 2005.

William Brian Stephens, Gallatin, for Christine L. Bacigalupo as Administratix of the Estate of James Roy Bacigalupo, Sr., Plaintiff.

Michael J. Martineau, Department of Justice, Ben Franklin Station, Washington, DC, for USA, Defendant.

## MEMORANDUM

WISEMAN, Senior District Judge.

Plaintiff, Christine L. Bacigalupo ("Ms.Bacigalupo"), administratrix of the Estate of James Roy Bacigalupo, Sr. (the "Estate"), filed an exception to the Statement of Claim of the United States for unpaid federal income taxes in the amount of $35,863.23 filed by the Internal Revenue Service ("IRS") against the Estate in the Seventh Circuit Court for Davidson County, Tennessee (Probate Division). Defendant, the United States, removed Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441(a).[1] The material facts are undisputed and the parties have agreed that the case involves a legal issue which can be decided on cross-motions for summary judgment. The United States filed its Motion for Summary Judgment, Memorandum In Support and Statement of Material Facts As to Which There is No Genuine Issue for Trial (Doc. Nos. 6, 7 and 8). Plaintiff filed her Cross–Motion for Summary Judgment, Memorandum in Support and Statement of Material Facts As to Which There is No Genuine Issue for Trial (Doc. Nos. 10, 11 and 12). The United States filed a Response to Plaintiff's Cross–Motion for Summary Judgment (Doc. No. 14).

Upon consideration of the cross-motions for summary judgment and for the reasons set forth below, the Court will GRANT the Defendant's Motion for Summary Judgment (Doc. No. 6) and DENY Plaintiff's Cross–Motion for Summary Judgment (Doc. No. 10).

---

1. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This action is in the nature of a "civil action arising under any act of Congress providing for internal revenue . . . ." 28 U.S.C. § 1340. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to this action are undisputed. James Roy Bacigalupo, Sr. ("the decedent") died on May 25, 2002. On May 20, 2004, the IRS, as an agency of and on behalf of the United States, filed a Statement of Claim against the Estate of James Roy Bacigalupo, Sr. (the "Estate"), in the Seventh Circuit for Davidson County, Tennessee (Probate Division) ("the probate proceeding"). Attached to the Statement was a Proof of Claim for Internal Revenue Taxes, which listed unpaid income taxes due and owing by the decedent for the years 1996, 1997, 1998, 1999, 2001, and 2002 in the total amount of $35,863.23. (The Proof of Claim and Statement of Claim are hereinafter collectively referred to as the "Claim.") There is no dispute that the IRS's Claim was filed in the probate proceeding after the expiration of the twelve-month filing period for claims against an estate in a probate proceeding pursuant to Tennessee law.

On June 18, 2004, Plaintiff Christine L. Bacigalupo, administratrix of the Estate, filed an Exception to Claim of Service ("Exception") filed against the Estate in the probate proceeding. By filing the Exception, Plaintiff claimed to reserve her right to deny the correctness of the claim of $35,863.23 filed by the IRS. Plaintiff's stated basis for the Exception was the fact that the Claim was filed more than twelve months after the decedent's death. The Exception requested "that the Court have a hearing on this claim filed against the estate to determine its correctness."

On October 1, 2004, the United States filed a Notice of Removal and the case was removed to this Court pursuant to 28 U.S.C. § 1441(a). An initial case management conference was held on November 29, 2004 before Magistrate Judge Knowles; the proposed initial case management order was submitted and the parties agreed that the case involves a legal issue that can be decided on Motions for Summary Judgment. Both parties submitted cross-motions for summary judgment and briefing was completed by March 15, 2005. On October 21, 2005, Judge Nixon recused himself from the case and the case was reassigned to this Court for further consideration. The parties' cross-motions for summary judgment are now before the Court.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party has the burden of showing an "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The moving party may do this by providing affidavits or other proof or by showing lack of evidence on an issue for which the non-moving party will have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party must then present specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991). The court must

consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *Westfield Ins. Co. v. Tech Dry. Inc.,* 336 F.3d 503, 506–07 (6th Cir.2003); *Taft Broad. Co.,* 929 F.2d at 248. Accordingly, when a court denies summary judgment to one party on the ground that it is granting summary judgment to another party, the denial of summary judgment is based on a legal conclusion rather than the district court's finding of a genuine issue of material fact. *Black v. Roadway Express, Inc.,* 297 F.3d 445, 448 (6th Cir.2002).

## III. DISCUSSION

■ This case presents a single legal issue to be decided by the Court: whether the twelve-month limitation period governing claims filed in probate proceedings pursuant to Tenn.Code Ann. 30–2–307(a)(1)(B), bars the Claim for unpaid income taxes filed by the IRS on behalf of the United States against the Estate in the Tennessee probate proceeding. To resolve this issue the Court need only answer two questions: (1) whether, as Plaintiff argues, Tenn.Code Ann. § 30–2–307 is a non-claim statute and the IRS's Claim should be barred because the probate court does not have jurisdiction over claims filed more than twelve months after the decedent's death; and (2) if application of the time limitation in Tenn.Code Ann. § 30–2–307 would otherwise deprive the United States of its right to enforce its Claim, whether the United States has consented to be bound the twelve-month time limitation governing claims filed in probate proceedings.

If, as Plaintiff contends, the IRS's Claims for unpaid federal income taxes filed against the Estate is governed by Tennessee law, the Claim is barred and

her Exception to the Claim should be allowed. On the other hand, if, as the United States contends, federal law governs the IRS's Claim, it is not time-barred, Plaintiff's Exception to the Claim is without merit and the Claim should be allowed in full. The Court will now consider each party's individual arguments.

### A. Plaintiff's Cross–Motion for Summary Judgment

■ It is well settled, regardless of whether the claim is filed in federal or state court, that the United States is not bound by state statutes of limitation in enforcing its rights. *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). The application of this rule is based on the policy that "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Id.* (citations omitted.)

In light of this principle, Plaintiff does not contest that Tennessee statutes of limitations would not bar the IRS from enforcing the United States' Claim against the decedent for unpaid income taxes, absent a clear manifestation of the United States' consent to be bound by the state statute. Rather, in an attempt to circumvent the application of this rule, which would otherwise exempt the IRS's Claim from the twelve-month time limitation in Tenn. Code. Ann. § 30–2–307, Plaintiff argues that the United States is bound by the Tennessee statute because the statute is not one of limitations, but rather a non-claim statute "for the orderly disposition of estates." [2] (Pl.'s Mem. at 5–6 (citing *Com-*

2. "Non-claim" statutes are sometimes referred to as "statutes of proscription." *See Estate of Minton v. Markham,* 625 S.W.2d

260, 262–63 n. 1 (Tenn.1981) (noting that the Tennessee statute requiring claims be filed

*merce Union Bank v. Gillespie, et al.,* 178 Tenn. 179, 156 S.W.2d 425 (1940); *Wunderlich v. Fortas,* 776 S.W.2d 953 (Tenn. App.1989); *Estate of Minton v. Markham,* 625 S.W.2d 260 (Tenn.1981)).) Therefore, Plaintiff suggests that the statutory requirement that the IRS's Claim against the Estate be filed within twelve months of the decedent's death should be considered mandatory and jurisdictional, and the United States should be barred from enforcing its Claim against the Estate in probate proceedings. (Pl.'s Mem. at 5–6.)

In support of her position, Plaintiff quotes language from the Supreme Court's decision in *Summerlin* where, despite holding that the eight-month time limitation in the state statute at issue *could not* deprive the United States of its right to enforce its claim, the Supreme Court explained:

> [I]f this were a statute merely determining the limits of the jurisdiction of a probate court and thus providing that the County Judge should have no jurisdiction to receive or pass upon claims not filed within the eight months, while leaving an opportunity to the United States to otherwise enforce its claim, the authority of the State to impose such a limitation upon its probate court might be conceded. But, if the statute, as sustained by the state court, undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within eight months, we think the statute in that sense transgressed the limits of state power.

310 U.S. at 417, 60 S.Ct. 1019. Seizing upon only one sentence of the decision, Plaintiff argues that the IRS's Claim should be barred, not because it was filed after the expiration of the state statute of limitations, but because pursuant to Tenn. Code Ann. § 30–2–307, the probate court does not have jurisdiction "to receive or pass upon a claim which was not filed within twelve months of the decedent's death." (Pl.'s Mem. at 5–6.)

In response, the United States contests Plaintiff's assertion that the Tennessee statute at issue is not a statute of limitations; reiterating the legal principle that absent its consent, the United States is not bound by the Tennessee statute of limitations in enforcing its rights in the probate proceeding. (Def.'s Mem. at 1.) Further, the United States argues that regardless of how the Tennessee statute is denominated, the twelve-month time limitation in the Tennessee statute, if applicable to the IRS's Claim, operates like a statute of limitations to deprive the United States of its right to enforce the Claim against the decedent's Estate. (Def.'s Mem. at 2.) Specifically, the United States contends that on its face, the Tennessee statute, like the Florida statute in *Summerlin,* bars the United States from enforcing its tax lien simply because the IRS's Claim was not filed in probate proceedings within time period set forth in Tenn.Code. Ann. § 30–2–307. (*Id.*) Based on the reasoning and holding of *Summerlin,* the United States asserts that the application of the Tennessee statute to bar the IRS's Claim against the Estate, absent the United State's consent to be bound, would "transgres[s] the limits of state power" and violate well-settled legal principles regarding the United States' governmental authority. (Def.'s Mem. at 2 (quoting *Summerlin,* 310 U.S. at 417, 60 S.Ct. 1019).)

In the case at bar, Court finds that similar to the situation in *Summerlin,* it is confronted with a Tennessee state statute

---

against an estate within six months of notice had been treated as "a statute of limitations, rather than a statute of proscription" and that

"[i]n earlier cases the [same] statute had sometimes been referred to as a 'non-claim' statute").

that, if applicable to the IRS's Claim against the Estate, would essentially deprive the United States of its right to collect unpaid federal income taxes owed by the decedent, because such Claim was not filed within one year of the decedent's death. *See* Tenn.Code Ann. § 30–2–307(a)(1)(B) (2003) (providing that "[i]f a creditor receives ... no [actual] notice [of decedent's death], such creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.") While the Court acknowledges that state statutes governing probate proceedings are often denominated as nonclaim statutes and the requirements for filing state-law claims under those statutes are considered jurisdictional,[3] the Court finds that for purposes of analyzing claims by the United States to enforce its rights as sovereign pursuant to federal law, such as the IRS's Claim for unpaid federal income taxes in the case at bar, it is immaterial whether Tenn.Code Ann. § 30–2–307 is considered a non-claim statute or a statute of limitations. *See Summerlin*, 310 U.S. at 417, 60 S.Ct. 1019 (finding that the state non-claim statute, which required claims be filed within eight months, effectively deprived the United States of its right to enforce its claim against the estate of the decedent and holding that "the United States still has its right of action against the administrator, even though the

probate court is to be regarded as having no jurisdiction after the expiration of the specified period of time"); *United States v. Supervised Estate of Breidenbaugh*, 794 N.E.2d 547, 551–53 (Ind.Ct.App.2003) (same).

Specifically, the Court is not aware of any authority, and Plaintiff has not cited to any authority, supporting Plaintiff's proposition that a finding by this Court that Tenn.Code Ann. § 30–2–307 is a non-claim statute, rather than a statute of limitations, would require a different result than if the application of the statute is analyzed as a statute of limitations. In fact, the Court finds that Plaintiff's reliance on language in the *Summerlin* decision as support for her assertion is misplaced. Although the Supreme Court suggested that under certain facts a state "non-claim" statute *might* limit the probate court's jurisdiction so that it could not hear claims filed by the United States against an estate filed after the statutory time limitation, the Supreme Court specifically limited this suggestion to cases where the statute "merely determin[ed] the limits of the jurisdiction of a probate court" and did not deprive the United States from otherwise "enforcing its claim." *Summerlin*, 310 U.S. at 417–18, 60 S.Ct. 1019.

---

**3.** *See Alamo Development Corp. v. Thomas*, 186 Tenn. 631, 212 S.W.2d 606, 607 (1948) (Tennessee statute requiring claims against estate of decedent to be filed within twelve (12) months after notice is "a non-claim or administrative statute for orderly, expeditious, and exact settlement of estates and is jurisdictional"); *Collins v. Ruffner*, 185 Tenn. 290, 206 S.W.2d 298, 300–01 (1947) (Act governing probate proceedings conferred jurisdiction to county judge for properly filed claims by creditors and did not confer jurisdiction to consider negligence claims against a decedent's estate); *Pennington v. Pennington*, 182 Tenn. 391, 187 S.W.2d 532 (1945) (recogniz-

ing Tennessee statute as non-claim statute, but holding state law claims by creditors against estate, "not having been filed within the twelve month' period, were barred by the statute of limitations"); *Wunderlich v. Fortas*, 776 S.W.2d 953, 956–57 (Tenn.Ct.App.1989) (recognizing statute governing claims filed against an estate that accrued during the decedent's life "[i]s a general statute of limitations or non-claim statute" and "its requirements are mandatory and jurisdictional," thus plaintiff's failure to comply with requirements of statute when filing state-law claims against estate, required finding that trial court lacked jurisdiction over action.)

Thus, as discussed above, even if the Court were to denominate Tenn.Code Ann. § 30–2–307 as a non-claim statute, absent the United States' consent, the Tennessee statute, like the statute in *Summerlin,* can not deprive the United States of its right to enforce its claim by the IRS against the Estate for unpaid federal income taxes. Therefore, the case at bar falls squarely within the Supreme Court's reasoning and holding in *Summerlin* and the Court therefore holds that Plaintiff's Cross–Motion for Summary Judgment must therefore be denied.

### B. The United States' Motion for Summary Judgment

As discussed above, absent its own consent, the United States is not bound by the twelve-month time limitation governing claims filed in probate proceedings pursuant to Tenn.Code Ann. § 30–2–30. *See United States v. John Hancock Mutual Ins. Co.,* 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960); *United States v. Summerlin,* 310 U.S. at 416, 60 S.Ct. 1019. In the case at bar, there is no dispute that the United States became entitled to its claim

through federal tax statutes,[4] nor is there any evidence in the Record that the United States *expressly* consented to the application of the Tennessee statute governing probate proceedings. Yet, there is also no dispute that the IRS attempted to comply with many of the state procedural requirements found in Tenn.Code Ann. § 307–2–307 when it filed its Claim in the Tennessee probate proceeding.[5]

In its Motion, the United States argues that it has not clearly manifested an intent to consent to the application of the Tennessee statute and therefore, its Claim is governed by the ten-year federal statute of limitations on collection of unpaid income taxes pursuant to 26 U.S.C. § 6502(a)(1). (Def.'s Mem. at 7–9.) Specifically, in anticipation of Plaintiff's likely response to its Motion,[6] the United States affirmatively argues that: (1) the consent manifested by the United States must be *express,* and (2) the United States could not and did not *impliedly* consent by virtue of the IRS's "ministerial actions" in attempting to comply with the procedural requirements of Tenn.Code Ann. § 30–2–307. (Def.'s Mem. at 9 (citing *Summerlin;* 310 U.S.

4. Section 6321 of the Internal Revenue Code (26 U.S.C.) provides in relevant part, that "if any person liable for any tax neglects or refuses to pay the same after notice and demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The statute of limitations governing the enforcement of tax liens is the ten (10) year period provided in 26 U.S.C. § 6502(a)(1).

5. Pursuant to Tenn.Code Ann. § 30–2–307(b), the requirements for filing a claim against an estate include, but are not limited to: filing an itemized statement of the account with the claim; providing verification by affidavit of the correctness of every claim and that it is a just and valid debt; providing a statement as to whether payment has been received and whether security has been received. Tenn. Code Ann. § 30–2–307(b).

6. In Plaintiff's Theory and Claims contained in the Initial Case Management Order ("ICMO"), Plaintiff asserted that "[w]hen the Internal Revenue Service filed a claim against the Estate and attempted to follow the requirements for filing a claim that are prescribed under Tenn.Code. Ann. § 30–2–307, the Service consented to the requirements of Section 30–2–307 and subjected itself to this local statute." (ICMO at 4; Def.'s Mem. at 8.) Plaintiff did not cite to any authority supporting her assertion, rather, Plaintiff simply cited to the litany of cases reiterating the principle that the United States must indicate its consent and from these concluded that the United States' consent could be implied from its attempt to comply with the statutory requirements. (ICMO at 3–4.) Plaintiff did not present the same argument in her Cross–Motion for Summary Judgment.

414, 60 S.Ct. 1019, 84 L.Ed. 1283; *United States v. Kellum*, 523 F.2d 1284, 1286 (5th Cir.1975)).)

Surprisingly, Plaintiff does not specifically respond to the United State's argument that it has not either expressly or impliedly "clearly manifested a waiver of governmental immunity" from the application of the Tennessee statute of limitations. (Def.'s Mem. at 9; Def.'s Resp. at 3.) Rather, Plaintiff's response is limited to an apparent attempt to exempt the Tennessee statute from the *Summerlin* principle, based on the unfounded assertion that because the Tennessee statute at issue in *Commerce Union Bank v. Gillespie*, 178 Tenn. 179, 156 S.W.2d 425 (1940), contained a "specific provision that exempted tax authorities from having to file claims in probate estates . . . ," and the "[c]urrent statute, [T]enn.Code Ann. § 30–2–307, does not include an express exemption" the exemption is no longer intended to be the rule in Tennessee. (Pl.'s Mem. at 5.)

Regardless of what is "intended to be the rule in Tennessee," Plaintiff does not provide any legal support or cite to any federal case law supporting the assertion that "the exemption provisions in state statutes of limitations, vitiates, precludes or limits the application of the *Summerlin* principle." (Def.'s Resp. at 3.) Moreover, based on a review of the law governing the application of state statute of limitations to claims brought by the United States, the Court finds that Plaintiff's argument not only misapplies the Tennessee Supreme Court's holding in *Commerce Union Bank* and misinterprets the Supreme Court's holding in *Summerlin*, but is also immaterial to the Court's analysis of whether the United States has consented to be bound by the Tennessee statute.

■ In determining whether the United States has consented to be bound, the Court looks to the specific facts to determine whether the United States has

"clearly manifested" its intent to waive governmental immunity. *United States v. Kellum*, 523 F.2d 1284, 1286 (1975) *quoting United States v. Wurts*, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932 (1938). The Court cannot infer consent from the United States' mere action of filing its Claim in state probate proceedings and an attempt to comply with state procedural requirements in filing its Claim. *See John Hancock Mutual Life Ins.*, 364 U.S. at 308, 81 S.Ct. 1 (United States does not subject itself to all the incidents of state law which govern other parties by seeking affirmative relief in state court); *Summerlin*, 310 U.S. at 417, 60 S.Ct. 1019. Based on a review of the undisputed facts in this case, the Court finds that there is no evidence that the United States intended to waive its governmental immunity from the twelve-month limitation period governing probate proceedings by attempting to comply with the procedural requirements of Tenn.Code Ann. § 30–2–307 in filing its Claim.

As such, in light of the legal principles set forth above, the Court concludes that the United States has not "clearly manifested" its intent to waive its governmental immunity from the Tennessee statute of limitations governing probate proceedings and therefore, has not consented to be bound by the twelve month time limitation found in Tenn.Code Ann. § 30–2–307. Accordingly, the Court finds that the IRS's Claim is governed by the ten-year federal statute of limitations on collection of unpaid income taxes pursuant to 26 U.S.C. § 6502(a)(1), the Claim is not time-barred and the United States is entitled to judgment as a matter of law. The Court therefore, grants the United States' motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above and for good cause shown, the Court hereby

**GRANTS** Defendant United States' Motion for Summary Judgment and **DENIES** Plaintiff's Cross–Motion for Summary Judgment. An appropriate Order will enter.

### ORDER

Before this Court are Defendant United States' Motion for Summary Judgment (Doc. No. 6) and Plaintiff's Cross Motion for Summary Judgment (Doc. No. 10). The Parties have each submitted statements of material facts in support of their motions for summary judgment and the parties agree that the facts giving rise to the case are not in dispute. For the reasons set forth in the accompanying Memorandum, the Court finds that the United States, in enforcing its tax lien through the Statement of Claim filed by the Internal Revenue Service in the Seventh Circuit Court for Davidson County, Tennessee (Probate Division), is not bound by the twelve-month time limitation in Tenn.Code Ann. § 30–2–307, which governs claims filed in probate proceedings.

Accordingly, the Court finds that the Statement of Claim filed by the Internal Revenue Service against the Estate of James Roy Bacigalupo, Sr. is not time barred and is therefore, ALLOWED. The Court also finds Plaintiff's Exception to the Claim filed by the Internal Revenue Service in the probate proceedings for the Estate of James Roy Bacigalupo, Sr. in the Seventh Circuit Court for Davidson County, Tennessee (Probate Division, No. 02P–1227) is without merit and is therefore, OVERRULED. For the reasons set forth in the accompanying Memorandum, the Court finds that the United States is entitled to judgment as a matter of law. Therefore, Defendant United States' Motion for Summary Judgment (Doc. No. 6) is GRANTED, Plaintiff's Cross–Motion for Summary Judgment is DENIED (Doc. No.10) and this action is hereby DIS-MISSED. This is a final judgment pursuant to Fed.R.Civ.P. 58.

It is so ORDERED.